PONDER, Justice.
This is an appeal from a judgment of the district court dismissing plaintiff’s suit as being abandoned under the provisions of Article 3519 of the LSA-Civil Code.
On October 2, 1940 the plaintiff brought suit against the defendant seeking to recover $4,840. Judgment was entered by default on November 11, 1940. On June 26, 1950 plaintiff brought proceedings to revive the judgment of 1940 which was opposed on the ground of want of legal citation. On appeal this Court decreed the default judgment a nullity and rejected plaintiff’s demand to revive the judgment. Wilson v. King, 227 La. 546, 79 So.2d 877. *385 Thereafter, on November 10, 1955, the plaintiff obtained personal service of the original petition on the defendant. After personal service was obtained, the defendant excepted to the service of the citation on the ground that the service of citation and petition were nullities under the laws of this State. This exception was filed on November 21, 1955. On May 22, 1956 the defendant moved to dismiss the plaintiff’s petition on the ground that the plaintiff has allowed more than five years from the date of the filing of the original petition (October 2, 1940) to elapse without taking any valid steps in the prosecution of the suit and that under the provisions of Article 3519 of the LSA-Civil Code the plaintiff is considered as having abandoned his suit.' The motion to dismiss is based on the ground that this Court having annulled the judgment for want of citation that no steps were taken from the time the original petition was filed in 1940 until the purported service of citation was made on the defendant on November 9, 1955.
The plaintiff, defendant in the rule to show cause, excepted on the ground that the defendant had waived his rights to any abandonment when he filed an exception to the service and citation of the petition on November 21, 1955, and that Article 3519 of the LSA-Civil Code is not applicable. On hearing the trial judge made the rule absolute and dismissed plaintiff’s suit at his cost. The plaintiff has appealed.
The appellant contends (1) that Article 3519 LSA-C.C. does not apply for the reasons that the plaintiff showed no intention at any time to abandon the suit having obtained final judgment on November 11, 1940 and attempted on several occasions to execute same, and could take no further steps until after the rendition of the judgment of this Court decreeing the default judgment a nullity when plaintiff caused service of citation to be made personally on the defendant; (2) that the defendant by filing the exception to the service and citation has waived any right that he might have for the abandonment of the suit.
Article 3519 of the LSA-Civil Code provides :
“If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened. Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, .he shall be considered as having abandoned the same. * * ■* ”
It is apparent from the facts in this case that this article of the Civil Code is not applicable. It would indeed be unreasonable to apply this article where the plaintiff has done everything in his power *387 to recover under his suit. It is obvious from a reading of the article itself that it was meant to apply to a situation where suit was filed and no steps were taken for five years, but it was never intended to apply to a case where a suit was prosecuted to final judgment even though that judgment was afterwards set aside. Metairie Bank in Liquidation v. Lecler, La.App., 4 So.2d 573.
Moreover, the defendant, if he had a right to move for the abandonment of the judgment, waived that right by the filing of the exception to the service of citation prior to the filing of his motion to dismiss on the ground of abandonment. It has been held that a defendant must file a motion to dismiss for abandonment for that purpose alone and, if he couples with it any plea to the merits of the case, he will be considered as having waived his right to abandonment. Green v. Small, 227 La. 401, 79 So.2d 497; State ex rel. Shields, Inc., v. Southport Petroleum Corporation of Delaware, 230 La. 199, 88 So.2d 25.
For the reasons assigned, the judgment appealed from is set aside and the case is remanded to the district court to be proceeded with according to law and consistent. with the views herein expressed. All costs to. await the final determination of the case. - .
HAMLIN, J. ad hoc, recused.