JONES, Judge ad hoc.
This is an action seeking recovery of damages by the plaintiff, Henry Turner, an inmate of Louisiana State Penitentiary, for alleged injuries received by him on January 3, 1957, when he fell from a bulldozer being operated by another inmate, Joseph James. The defendants are Joseph James and the Travelers Insurance Co., substituted for the defendant, Peerless Insurance Co., by a supplemental petition, who was the insurer under the applicable liability insurance policy of the bulldozer, which is included in a schedule of vehicles owned by the State of Louisiana.
The defendant insurance company sus-pensively appeals from the judgment granting to plaintiff, Turner, damages in the sum of $5,000, and the appellee, Turner, files an answer to the appeal in which he prays the judgment appealed from be amended by increasing the award to $20,-000, and as amended, it be affirmed.
The allegations of the petition are substantially as follows: That the petitioner was an experienced bulldozer operator and was assigned to instruct the said Joseph James in the operation and use of said bulldozer, under the express authority of those in charge at the Penitentiary; that on January 3, 1957, the bulldozer, which was being operated by the defendant, Joseph James, became entangled with a tree and that said, James, was negligent in refusing to follow plaintiff’s oral instructions to stop and disengage the tree; negligently engaged the driving mechanism and pulled up, causing the bulldozer to stop with great force and hurling the plaintiff from the bulldozer to the ground between the bulldozer blade and power unit; that the force of the fall and contact caused him painful and severe injuries; that the negligent acts committed by Joseph James and imputed to the other defendant herein are:
1. Failure to obey instructions and warning of petitioner, his instructor, to clear the bulldozer tracks before moving.
*809 2. Failure to observe and appreciate the bulldozer’s dangerous condition with a tree or other impediment on its tracks.
3. Failure to have bulldozer under control.
4. Failure to maintain the bulldozer at a stop.
5. Operating the bulldozer negligently, time and place considered.
Defendants, in answer, contended that under the terms of the policy, particularly the “employee exclusion” clause thereof, that the policy was not applicable to this claim and denied that the accident resulting in the injury to this plaintiff was caused by any negligent act of Joseph James. In the alternative, they alleged contributory negligence on the part of the plaintiff.
The exclusion clause of the policy (part 3, Definitions of Insurer) relieves this defendant of any liability under the terms of the policy under said exclusion clause, if the plaintiff was an employee of Louisiana State Penitentiary at the time he was injured. It is contended by the counsel for defendant that at the time of this accident, LSA-R.S. IS :869 et seq. was in effect. This is an act which provides for the rehabilitation of inmates of Louisiana State Penitentiary, based upon their skill in industry and it also provides for their classification according to their skill. This statute further makes the work assignment required of the inmate compulsory, and only the inmates who have served at least six months receive any compensation, which the evidence shows is two cents an hour. It is singular that the provisions of this statute are found in the Code of Criminal Procedure and not in the statutes having to do with workmen’s compensation. Incidentally, the petitioner was not even receiving this rehabilitation pay at the time of the accident, but, be that as it may, the term “employee”, when used in the exclusion clause of this insurer’s policy, means a person who voluntarily contracts his labor for wages. In the absence of a statute of this State declaring the inmate of the Penitentiary to be an employee, and granting him the benefits of the Workmen’s Compensation Act, LSA-R.S. 23:-1021 et seq., then, it is illogical to reason that an inmate of the Louisiana State Penitentiary, who works under compulsion and is in a state of penal servitude, is an employee of said State. It is true, as argued by counsel for defendants, that Article III of Section 33 of the Constitution,, LSA, indicates that legislation may authorize the employment of convicts. Employment in this sense means nothing more than the use of convicts and this is, most assuredly, under compulsion. For this reason the exclusion clauses of this policy are not applicable herein.
As heretofore stated, defendants contend there was no negligence on the part of Joseph James in connection with said accident, and, further, that if there was, plaintiff was guilty of contributory negligence.
Three or four days prior to this accident, Joseph James, who was unfamiliar with the operations of a bulldozer, was operating a bulldozer under the supervision and instructions of the plaintiff. The work he was engaged in for these few days consisted of leveling ground. On the next day, and while still under the supervision and instruction of the plaintiff, Joseph James began a new work of pushing down trees with said bulldozer. At the time this was going on, the plaintiff was sitting on the rear of a tool box, about three feet long, on the left side of said bulldozer. The handle of the clutch of this machine is likewise on its left side and immediately to the right of the tool' box. The driver’s seat, which James was occupying, is immediately to the right of the handle to the clutch and there are two foot brakes on the floor, immediately in front of the driver’s seat. There are two large metal tracks on the bulldozer, one on the right and one on the left of the machine, and in front of the *810 tractor, there is a large blade, and above this, is what is known as the arm of the blade. This bulldozer is large, heavy equipment and when used in the operation of pushing trees, is a dangerous instrumentality, for according to the testimony of the plaintiff, who- had some ten years’ experience in this type of work, trees that are being pushed down quite often get caught on the track and come around on it, endangering the life of the occupant unless the machine is immediately stopped. There are two ways the machine can be stopped, the first being pulling the handle of the clutch, which disengages the mechanism, which causes it to stop gradually, and the second being the application of the foot brakes.
The defendant, James, was operating the bulldozer down a slope when a tree, about six inches in diameter, was pushed down by the bulldozer and became entangled in the track and began proceeding on said track toward the driver and the plaintiff. The plaintiff states that at this time, he ■“hollered” at the driver, James, to stop, but believing he was not going to do so, he, the plaintiff, jumped up from the tool box, in order to reach the handle of the clutch and disengage the mechanism, and that it was necessary for him to get up because he could not reach the handle of the clutch in a sitting position, as he was about three feet removed therefrom; further, that when he did get up and reached for the clutch, the machine stopped, or lurched, and he missed the handle of the clutch and was thrown into the arm and on top of the blade of the machine, breaking his leg and injuring his back. This witness further testified as follows (Tr. 62): “Q. How, or why, were you thrown off? A. Well, I don’t know whether he jammed the brakes or not, or whether he jammed on the tractor”. When this witness was asked if the accident would have happened had the driver stopped the bulldozer, he answered (Tr. 62), “well, it happened all at once. All at once I was thrown off the máchine when I reached for the master dutch and missed it”. Defendant, James, testified (Tr. 8 and 9) that the tree came on the track toward him and the plaintiff and that he ducked and when he looked around, the plaintiff was falling off the tractor. He admitted that plaintiff “hollered” at him to stop before the plaintiff went off the bulldozer and he further admitted that he didn’t immediately stop said bulldozer. He was not asked if he put on the brakes of the bulldozer, but the District Judge, who gave oral reasons for the judgment at the end of the trial, which were transcribed and placed in the record, stated that he believed the man was attempting to stop and hit the brakes instead of the clutch. He further found that the plaintiff, Turner, was not guilty of contributory negligence, but didn’t find that defendant, James, was guilty of any negligence, causing said accident.
As heretofore stated, defendant, James, was a trainee and the plaintiff, Turner, was the instructor. Since the trainee was engaged in the operation of pushing down trees, something he had never done before, and the instructor knew this was a dangerous operation because he had often times seen trees become entangled in the tracks, endangering his own life, then, under the circumstances, it was the instructor’s duty to exercise the highest degree of diligence and care.
Mr. Dennis J. Johnson, foreman at Angola and in charge of the heavy equipment, including the bulldozer, when asked what the usual procedure was when a man was going to train another man in the operation of a bulldozer, testified (Tr. 16) :
“A. Well, to start off with, there is a * * *, the man that’s training the other man, he get’s pretty close to him in case something happens. Well, I would say if he could get right along side him, in case something would happen * * *, the trainee would get kinda fouled up in the use of the gears and all that”.
When asked by the Trial Judge (Tr. 33) if a man sitting on the tool box could *811 straddle it, he answered, “no, you can’t straddle it, but he’s got room enough to put his feet in between the tool box and the battery box”.
The plaintiff, Henry Turner, was asked on direct examination (Tr. 61):
“Q. Now, when you train a man to operate a bulldozer, where do you usually sit, or what do you do on the bulldozer? A. You usually get as close to him as you possibly can”.
The evidence shows that the battery box is immediately in front of the tool box, which makes it possible, and more advantageous, for the instructor to sit on the front portion of the tool box instead of the rear of the tool box, and if the plaintiff has been sitting on the front, rather than the rear, of the tool box, he would not have had to get up to reach the handle of the clutch, but he could have thrown out his right hand, got the handle and disengaged the mechanism of the machine. Apparently, this is the place Mr. Johnson thought the plaintiff ought to have been sitting on the machine, for he said “get right along side him in case something would happen”. If the plaintiff had been sitting in this position, he would not have been thrown off when the defendant, James, applied the brakes, and if James applied the brakes, as found by the Trial Judge, while he was being “hollered” at by the plaintiff, and ducked the tree all at the same time, then he was not guilty of any negligence, which was the proximate cause of the injury, simply because he didn’t disengage the clutch and stop the bulldozer.
The plaintiff has testified his leg was broken when he was thrown into the arm of the bulldozer (Tr. 63). It is true he claimed the dozer ran over his back, but the District Judge found that he didn’t have his back injured in the accident, and in this, we believe him to be correct. Thus, even though after temporarily stopping the bulldozer, James permitted it to proceed some distance without stopping it, this act in nowise contributed to plaintiff’s injury.
Accordingly, as the plaintiff was guilty of the negligence that was the proximate cause of this accident, resulting in his injury, he cannot recover and the judgment of the District Court is reversed and plaintiff’s suit dismissed.