134 So.2d 377 (1961)
Alfred JONES, Plaintiff-Appellant,
v.
HOUSTON FIRE AND CASUALTY INSURANCE COMPANY et al., Defendants-Appellees.
No. 393.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
*378 Gravel, Sheffield & Fuhrer, by Leonard Fuhrer, Alexandria, for plaintiff-appellant.
Stafford & Pitts, by Grove Stafford, Jr., Alexandria, for defendants-appellees.
Before TATE, FRUGE and SAVOY, JJ.
FRUGÉ, Judge.
A suit for workmen's compensation benefits was filed by Alfred Jones against the State Department of Institutions and its insurer, Houston Fire and Casualty Insurance Company. The plaintiff-appellant, Alfred Jones, alleges that on March 25, 1958 he was an inmate at Louisiana State Penitentiary at Angola and while working on a cotton ginning machine sustained an injury which crippled his hand. Defendants filed an exception of no cause of action, alleging that plaintiff was not an employee of the State of Louisiana. On March 29, 1961 the Ninth Judicial District Court, Parish of Rapides, State of Louisiana sustained the exception of no cause of action and rendered a judgment in favor of defendants and against the plaintiff, rejecting all of his demands. In effect, it held that a prison inmate in Louisiana is not entitled to the benefits of the workmen's compensation law. Appellant has perfected his appeal to this court asking that the judgment of the district court be reversed and the cause remanded to the District Court for further proceedings.
After being convicted of felony, plaintiff-appellant, Alfred Jones, was sentenced to serve a term of imprisonment in the State Penitentiary at Angola, Louisiana. He was put to work there on a cotton ginning machine which was part of the operations of a prison mattress factory. While working, plaintiff was injured when his hand was caught and mangled in some of the machinery.
The compensation statute, LSA-R.S. 23:1034 provides that every "employee" of the State of Louisiana is automatically within its coverage. The question before this court iswas Alfred Jones an employee of the State at the time of injury. The pertinent portions of Section 1034 as applied to this case are as follows:
"The provisions of this Chapter shall apply to every person in the service of the state or political subdivision thereof, or * * * incorporated public board or commissioner authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, * * * and for such employee and employer the payment of compensation * * * shall be exclusive, compulsory, and obligatory." (Emphasis added.)
An examination of Section 1034 readily reveals that the legislature intended that in order to be covered by the compensation act a worker must be an "employee" of the state. In Menard v. Brown and Cassidy Warehouse, Inc., La.App., 72 So. 2d 891, 892 the court stated:
"It is well settled that the Workmen's Compensation Act, LSA-R.S. 23.1021 et seq., is limited to the rights and duties that obtain between employer and employee and it follows that the *379 existence of the employer-employee relationship is an essential requisite to any action arising under the Act, and a claimant must prove by a preponderance of evidence that he was an employee of the defendant at the time of the injury. See Malone's Louisiana Workmen's Compensation Law and Practice, Chapter 3, Section 51, pages 52 and 53; Light v. Louisiana Shows Co., La.App., 170 So. 505."
In Caldwell v. Caldwell, La.App., 55 So. 2d 258, 263, the court stated "The Workmen's Compensation Law, LSA-R.S. 23:1021 et seq., applies only to persons `performing services arising out of and incidental to his employment', etc. Employment means, of course, an engagement or contract to perform or render some sort of service to the one to whom such service is due. * * *" The confection of a contract of employment contemplates at least two parties capable of giving their consent. Certainly when one of the parties to the contract is a convicted felon ordered to perform hard labor by a judgment of court, he is without the necessary capacity to give valid consent to a contract of employment. It may be said that he has no rights regarding the bargaining of his own labor as the relationship depends upon a voluntary contract by which the employee agrees to perform services for the employer and to be bound by the employer's orders and supervisors.
It was held in Alexander v. J. E. Hixson & Sons Funeral Home et al., La.App., 44 So.2d 487, at page 488 that the compensation statute contemplates a contract of employment; the Court stated:
"The general statement of the law defining the status of Employer-Employee, found in American Jurisprudence, Vol. 35, Sec. 3, p. 445, is to the effect:
"The essence of the relationship is the right to control. The four primary evidentiary factors considered in deciding the above are
"1. Selection and engagement.
"2. Payment of wages.
"3. Power of dismissal.
"4. Power of control."
Taking up the above factors in their respective order, it certainly appears from the evidence that the relationship between Alfred Jones and the State of Louisiana does not meet the test of employment. The State of Louisiana did not pick out or select Alfred Jones to be its employee, nor did Jones select or voluntarily agree to work for the state. He was to perform hard labor by order and sentence of the local criminal district court. Certainly the relationship was one not created by mutual consent, but by force and operation of law as a result of Jones' conviction of a felony.
As to the second factor, Act 554 of 1956 (LSA-R.S. 15:869) provided for the rehabilitation of inmates by paying incentive pay based upon the skill and industry of the various inmates. The appellant received two cents (2¢) per hour in order to rehabilitate him. Appellant contends that this constitutes the payment of wages to Jones, and is another indication that he was an employee of the State of Louisiana. A study of the act shows that this payment does not create an employment relationship for five reasons:
1. The money is not considered payment for work performed; it is as the title to the act states, "to provide for the rehabilitation of the inmates" and for "incentive pay".
2. The prisoners may not refuse the work assigned for any reason including the compensation rate.
3. No additional payment is to be made for extra or over time work.
4. This compensation is paid quarterly, and then not directly to the prisoner. If the prisoners were considered employees this practice would be contrary to the precepts of LSA-R.S. 23:633. The prisoner, *380 if an employee, would be entitled to demand his pay every two weeks in cash.
5. Two cents (2¢) per hour is not a sufficient wage to be considered compensation for the labor performed by prison inmates; the payment is not earned wages, but a mere gratuity.
The third factor, the power of dismissal also carries with it the right to quit or refuse work. Certainly the warden would not have the authority to "fire" Alfred Jones. He might require him to change jobs, but he would not have the power to dismiss Jones until he had served his sentence. By the same token, Jones could not refuse to work without subjecting himself to serious disciplinary penalties. Neither Jones nor the state were free agents in this relationship, a relationship which was anything but that of employee and employer.
As to the fourth factor, the state, of course, did have the power of control over Alfred Jones. In fact it had complete control over his entire life during the period he was incarcerated; not only did the state have power of control over Alfred Jones' work activities, but the state controlled all of his non-work activities.
Alfred Jones certainly does not meet the test outlined in the Alexander case, supra.
The problem of prisoners recovering compensation benefits has been discussed in Larson's Workmen's Compensation Law, Section 47.31; the author says at page 692:
"Convicts and prisoners have usually been denied compensation for injuries sustained in connection with work done within the prison, even when some kind of reward attended their exertions. The reason given is that such a convict cannot and does not make a true contract of hire with the authorities by whom he is confined. The inducement which might be held out to him, in the form of extra food or even money, are in no sense considerations for an enforceable contract of hire."
When confronted with a similar problem, our brethren on the Court of Appeal for the First Circuit, in the case of Turner v. Peerless Insurance Company, La.App., 1959, 110 So.2d 807, at page 809, stated that an inmate was not an employee; their language is as follows:
"* * * It is contended by the counsel for defendant that at the time of this accident, LSA-R.S. 15:869 et seq. was in effect. This is an act which provides for the rehabilitation of inmates of Louisiana State Penitentiary, based upon their skill in industry and it also provides for their classification according to their skill. This statute further makes the work assignment required of the inmate compulsory, and only the inmates who have served at least six months receive any compensation, which the evidence shows is two cents an hour. It is singular that the provisions of this statute are found in the Code of Criminal Procedure and not in the statutes having to do with workmen's compensation. * * * In the absence of a statute of this State declaring the inmate of the Penitentiary to be an employee, and granting him the benefits of the Workmen's Compensation Act, LSA-R.S. 23:1021 et seq., then, it is illogical to reason that an inmate of the Louisiana State Penitentiary, who works under compulsion and is in a state of penal servitude, is an employee of said State. It is true, as argued by counsel for defendants, that Article III of Section 33 of the Constitution, LSA, indicates that legislation may authorize the employment of convicts. Employment in this sense means nothing more than the use of convicts and this is, most assuredly, under compulsion. * * *"
For the reasons hereinabove stated, the judgment of the District Court is affirmed. Cost to be paid by plaintiff-appellant.
Affirmed.