353 So.2d 333 (1977)
Perry H. PARKER
v.
STATE of Louisiana et al.
No. 11590.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Rehearing Denied December 28, 1977.
Writ Refused February 17, 1978.
*334 Robert D. Downing, Alexandria, of counsel, for plaintiff-appellant, Perry H. Parker.
Patrick J. Briney, Baton Rouge, of counsel, for defendants-appellees, State of Louisiana, et al.
Rhett Ryland, Baton Rouge, of counsel, for defendant-appellee, Houston Fire & Casualty.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
BLANCHE, Judge.
Perry H. Parker, plaintiff-appellant, is appealing from a trial court decision denying him recovery in tort because of his contributory negligence and also denying him recovery under the workmen's compensation statutes.
Parker was an inmate assigned by the Department of Corrections to work at the Louisiana State Penitentiary at St. Gabriel, Louisiana. While operating a table saw there, he suffered injuries to his left hand, including the loss of one joint of the thumb and the entire ring finger thereof.
The testimony at the trial was clear that while the table saw was suitable for ripping two by four's, it was unsuited for manufacturing lumber to be used as lathing for re-screening a door. Parker was not instructed to use the saw but voluntarily, on his own initiative, elected to use the saw, knowing it to be inappropriate for the task. Parker was an experienced carpenter, and his deliberate use of a saw which he knew was not a suitable tool for the work he was attempting demonstrates a complete lack of care and disregard for his own safety amounting to contributory negligence and preventing his recovery in tort.
"Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own safety and protection, the standard being that of a reasonable man under like circumstances. * * *" (Hall v. Hartford Accident & Indemnity Company, 278 So.2d 795, 798 [La.App. 4th Cir. 1973], writ refused, 281 So.2d 753.)
Parker was receiving two cents per hour as payment for his work at the penitentiary at the time he was injured. An identical factual situation was involved in Jones v. Houston Fire and Casualty Insurance Company, 134 So.2d 377 (La.App. 3rd Cir. 1961), where a plaintiff-inmate crippled his hand while working on a cotton ginning machine at the penitentiary. In Jones the Court held that an inmate receiving payment for work at a state penitentiary cannot be considered as an employee of the State for purposes of workmen's compensation benefits where he suffers injuries while engaged in the work program. We find the Court's reasoning persuasive. Accordingly, the plaintiff herein is not entitled to recover for his injuries under the workmen's compensation statutes.
The judgment of the trial court is affirmed, plaintiff-appellant to pay all costs of this appeal.
AFFIRMED.