354 So.2d 619 (1977)
Carl T. JEANSONNE, Plaintiff-Appellant,
v.
PARISH OF EAST BATON ROUGE, Defendant-Appellee.
No. 11663.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
Rehearing Denied February 13, 1978.
Writ Refused March 27, 1978.
Richard E. Burton, Baton Rouge, of counsel for plaintiff-appellant Carl T. Jeansonne.
Joseph F. Keogh, Parish Atty., Charles E. Pilcher, Asst. Parish Atty., Baton Rouge, of counsel for defendant-appellee Parish of East Baton Rouge.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
Plaintiff brought this action for workmen's compensation benefits alleging that he had been injured while serving as a juror in the 19th Judicial District in East Baton Rouge Parish. Defendant filed an exception of no cause of action on the ground that a juror is not an employee of the parish within the contemplation of the Louisiana Workmen's Compensation Law and, therefore, the parish owes no benefits to a juror. The trial judge sustained this exception and dismissed plaintiff's action. Plaintiff thereupon appealed. We affirm.
*620 The single issue for our determination is the application of R.S. 23:1034 to a juror. This section provides:
"The provisions of this Chapter [Workmen's Compensation] shall apply to every person in the service of the state or political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or other political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory. * * *"
These provisions require that a worker must be an "employee" of the state or other political subdivision before he is covered by the compensation act. Jones v. Houston Fire & Casualty Insurance Co., 134 So.2d 377 (La.App. 3rd Cir. 1961). We do not believe that a juror is employed by the parish. Employment presupposes an agreement entered into between two parties. In the relationship between a juror and the parish there is no agreement. Both sides are bound by statute to perform as they do. The mere fact that the parish is required to pay some slight compensation to jurors is not sufficient to constitute them its employees. Prisoners likewise receive some compensation for their labor but this does not make them state employees. Parker v. State, 353 So.2d 333 (La.App. 1st Cir. 1977); Jones v. Houston Fire & Casualty Insurance Co., supra.
In reaching our conclusion that a juror is not covered by our Workmen's Compensation Law, we note that such result has been reached by the overwhelming majority of states deciding the question. Metropolitan Dade County v. Glassman, 341 So.2d 995 (Fla.1976); 1-A Larson, The Law of Workmen's Compensation, § 56.35 (1973).
For the reasons assigned, the judgment is affirmed at appellant's cost.
AFFIRMED.