446 So.2d 466 (1984)
Kirt A. BECNEL
v.
Jeffrey D. CHARLET, et al.
No. CA 1013.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
Rehearing Denied March 21, 1984.
*467 George O'Dowd, William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, First Asst. Atty. Gen., Stephen J. Caire, Asst. Atty. Gen., New Orleans, for appellants.
Wayne E. Garrett, Charbonnet & Charbonnet, New Orleans, for appellee.
Before SCHOTT, KLEES and CIACCIO, JJ.
CIACCIO, Judge.
Plaintiff, Kirt A. Becnel, filed suit against defendants, Jeffrey D. Charlet and his employer, the State of Louisiana, through the Department of the Military and the Department of Corrections, seeking damages for an injury received allegedly as the result of the negligence of defendant Charlet. The State answered plaintiff's petition and filed a third party demand seeking indemnification from Charlet. Alleging that Charlet could not be located to be served, plaintiff moved the trial court to appoint an attorney to represent Charlet. The court appointed a curator ad hoc, who was then cited and served with the main demand. The curator answered the main demand and subsequently filed an answer to the third party demand. Defendant Charlet did not appear, except through the curator.
The matter proceeded to a trial on the merits. The trial judge rendered judgment in favor of plaintiff and against defendants in solido. The court also cast defendants in solido for $2,500 as a fee for the curator. On the third party demand the court granted judgment in favor of the State for full indemnification from Charlet.
On behalf of Charlet, the curator ad hoc timely filed a motion for a new trial on the ground that the judgment was contrary to the law and evidence. Subsequently, Charlet appeared through retained counsel and filed a supplemental motion for a new trial on the grounds that he had not been cited or served with any notice of the lawsuit or trial and that appointment of the courator had been improper. Later, Charlet filed a motion to dismiss because of abandonment. In support of his motions Charlet filed an affidavit outlining his places of residence and employment (all of which were in the New Orleans area) from a few years prior to the lawsuit through the date of the affidavit.
Plaintiff opposed both motions. The State opposed the motion to dismiss, but filed a memorandum in support of the motion for a new trial wherein the State argued that if Charlet was granted a new trial, the State should also be granted a new trial because its liability is entirely dependent upon Charlet's liability.
The trial judge denied the motion to dismiss. He also denied the motion for a new trial as to the main demand. As to the third party demand, however, the trial judge granted a new trial ordering that the "third party demand be severed and tried after citation and service of process."
The State and Charlet have appealed. The plaintiff has answered the appeal and seeks to have the amount of the damage award increased.
The issue which we find dispositive concerns the appointment of a curator to represent Charlet.
*468 The requisites for the appointment by the court of an attorney to represent an absent defendant are provided in La.C.C.P. Art. 5091 which reads:
"When the court has jurisdiction over the person or property of the defendant, or over the status involved, on the petition or ex parte written motion of plaintiff, it shall appoint an attorney at law to represent the defendant if he is: (1) A nonresident or absentee who had not been served with process, either personally or through an agent for the service of process, and who has made no general appearance; * * *"
An absentee is defined by La.C.C.P. Art. 5251 as follows:
"(1) `Absentee' means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domicled or actually present in the state; * * *" (Emphasis added.)
A curator was appointed to represent Charlet on the basis of an ex parte motion filed by the plaintiff. In his motion, plaintiff alleged,
"The citation issued in these proceedings on the 7th day of August, 1977 for service upon Jeffrey D. Charlet has been returned by the Sheriff marked `address unknown.'
Plaintiff is informed, believes and alleges that said defendant, Jeffrey D. Charlet, has his legal domicile in the Parish of Orleans but has no agent or other legal representative in the parish and no fixed place of residence with a person living there competent to receive service of process...."
Other than plaintiff's allegation, there is nothing in the record to indicate that citation was issued to Charlet on August 7, 1977. The record contains only citations which were issued to Charlet through the curator ad hoc.
The fact that Charlet was and is domiciled in Louisiana, in the New Orleans area, is evidenced by his affidavit to that effect and is uncontroverted. The question remains whether a diligent effort was made to cite him.
No evidence was offered to support the allegations of plaintiff's motion to have an attorney appointed. As mentioned previously, the record does not contain the citation to which the motion makes reference, nor does it contain any return by the deputy civil sheriff. Further, even if a citation had been returned marked "address unknown," this alone could not authorize appointment of an attorney. The other allegation of plaintiff's motion, even accepting it as true, would apply to any Orleans Parish domiciliary, living alone and not already represented by an attorney or agent for service of process.
Plaintiff's motion does not allege that a diligent effort was made to serve Charlet. The record contains no evidence that any effort was made to serve Charlet. Consequently it was not established that Charlet was an absentee within the contemplation of La.C.C.P. Arts. 5091 and 5251. The trial court, therefore, was without authority to appoint an attorney to represent Charlet.
Having found the appointment of the curator to have been improper, we find that there was no service of citation on either Charlet or upon his duly appointed agent. As a result the trial court lacked personal jurisdiction over Charlet. La.C. C.P. Art. 6. Any judgment as to Charlet emanating from the proceedings wherein he was represented by the curator is therefore a nullity. See: Wood v. Hyde, 209 So.2d 51 (La.App. 4th Cir.1968).
Since the judgment resulting from the trial on the merits is a nullity in so far as it relates to Charlet, the trial court should have granted Charlet's motion for a new trial on both the main demand and the third party demand. We, therefore, reverse the *469 judgment which denied Charlet a new trial on the main demand and affirm that portion of the judgment which granted a new trial on the third party demand.
Further, in the interest of justice, we also grant a new trial to the State of Louisiana. La.C.C.P. Arts. 1973 and 2164. We do this because, any liability of the State is vicarious, based entirely upon the liability of Charlet. We have determined that the judgment declaring Charlet's liability is null. Consequently, we feel that justice is best served by granting all parties a new trial. In this way the liability of all parties can be determined in a single proceeding, and the possibility of awkwardly conflicting judgments may be avoided.
On June 27, 1983, defendant Charlet moved the trial court to dismiss plaintiff's case as abandoned "because no legal action has been taken against him within 5 years of the pleadings being filed on May 5, 1976." See La.C.C.P. Art. 561. He made the same argument as to the State's third-party demand which was filed on October 26, 1977. The basis for Charlet's motion is his argument that the appointment of the curator was improper, and therefore, any action in the proceedings wherein he was represented by the curator is of no effect and is as if it were non-existent.
The trial judge denied Charlet's motion to dismiss. Charlet has appealed this denial and reiterates his argument.
This same argument has previously been addressed to and rejected by the courts of this State. The Supreme Court stated in Wilson v. King, 233 La. 382, 96 So.2d 641 (1957), that the rule on abandonment after five years inaction "was never intended to apply to a case where a suit was prosecuted to final judgment even though that judgment was afterwards set aside." The First Circuit Court of Appeal has noted that "The law does not strictly insist that a party take a `right' step in order to maintain the viability of his suit. He is only required to take an `active' step in the judicial proceeding itself aimed at moving the suit along toward a judgment." Succession of Moody, 306 So.2d 869 (La. App. 1st Cir.1974). We, too, reject defendant Charlet's argument on abandonment. There has been no five year period during which the plaintiff failed to take an "active" step in the judicial proceeding itself toward prosecution of his claim against Charlet. The judgment of the district court dismissing Charlet's motion to dismiss is affirmed.
Appellant Charlet has filed in this court, apparently for the first time, an exception of no cause or right of action. We recognize that the exceptions of no cause of action and no right of action are different, requiring different grounds to sustain. Nevertheless, we will address appellant's argument as if it were intended to apply to either one or both of the exceptions mentioned.
At the time of plaintiff's injury, plaintiff was an inmate in the custody of the Department of Corrections. He was being housed at Jackson Barracks where he was assigned to work with defendant Charlet, a carpenter employed by the State. Appellant argues that because plaintiff and Charlet were doing work for the State, they were co-employees and plaintiff's exclusive remedy is by a worker's compensation claim against the State. We do not agree.
The courts have held that an inmate receiving payment for work at a state penitentiary cannot be considered as an employee of the State for purposes of worker's compensation benefits where he suffers injuries while engaged in the work program. Parker v. State, 353 So.2d 333 (La.App. 1st Cir.1977); Jones v. Houston Fire and Casualty Insurance Company, 134 So.2d 377 (La.App. 3d. Cir.1961). Appellant argues that these two cases are distinguishable because the injuries occurred at the penitentiary. We do not find this distinction affects the reasoning behind the courts' decisions. From the evidence in the record we find, that except for the geographical location, plaintiff's legal position is the same as that of the plaintiffs in the two *470 cited cases. The exception is, therefore, overruled.
In summary, for the reasons given, the judgment of the district court granting a new trial on the third party demand is affirmed. The judgment denying Charlet a new trial on the main demand is reversed. A new trial is granted to both Charlet and the State on all demands. The judgment of the district court denying Charlet's motion to dismiss for abandonment is affirmed. Charlet's exception of no cause or right of action is overruled.
All costs pertaining to this appeal are to be paid by plaintiff-appellee. The fee of the curator, who was improperly appointed at plaintiff's request, is to be borne by the plaintiff. All other costs are to await the final determination of this matter.
AFFIRMED IN PART, REVERSED IN PART, NEW TRIAL GRANTED, EXCEPTION OVERRULED.