SCHOTT, Chief Judge.
Plaintiff, Kirt A. Becnel, was injured when his hand struck a sharp chisel in the hand of defendant, Jeffrey D. Charlet. His suit for damages against Charlet and the State of Louisiana was dismissed and he has appealed. The principal issue is whether the trial court erred in finding that Char-let’s conduct did not constitute negligence.
Plaintiff was an inmate in the custody of the Department of Corrections at Jackson Barracks, a minimum security prison facility. He was assigned to work as a carpenter’s helper under the supervision of Char-let, an employee of the State. As the two of them were walking side by side toward their work area, Charlet was carrying a new carpenter’s chisel with a sharp blade and they were discussing violence at Angola, the state penitentiary, when the accident occurred.
According to Charlet he raised the chisel about shoulder height and asked Becnel what would happen if someone were to take such action toward him at Angola whereupon Becnel “immediately reacted, he lunged forward, threw his right arm up and gave a karate kind of scream and threw his arms up” striking the chisel with his hand.
According to Becnel, as they were walking along and talking about violence at Angola, his attention was distracted by an attractive girl nearby when he heard Char-let say something to the effect that “if I killed you I would do it something like this.... When I turned around I seen him in motion with the chisel and kind of leaned back and put up a block for it.” Asked whether he thought Charlet was attempting to hurt him, Becnel replied: “No. Just more or less reaction on my part; when I saw the chisel coming down I really didn’t think about it. Just happened at a split second.”
The trial judge gave the following reasons for dismissing Becnel’s suit.
The plaintiff’s testimony at the prior hearing and today was essentially that Mr. Charlet had lifted the chisel as if he were going to strike the plaintiff and the plaintiff attempted to defend himself at which time the injury occurred.
The defendant testified that they were walking along discussing incidents at the penitentiary and he raised his arm only for the purpose of illustrating and asking the plaintiff what would be done in the event that such an action were taken at the penitentiary.
Apparently, the intention of the defendant was misunderstood by the plaintiff. *11 The court finds that the conduct of the defendant does not constitute negligence but was only a misunderstanding within the conversation that was being conducted between the plaintiff and defendant.
Thus, the trial judge found that the cause of Becnel’s injury was his mistake in believing that Charlet was going to strike him when in fact Charlet was only making a demonstration. The error of this finding is abundantly clear from the parties’ versions of the incident. There was no misunderstanding on Becnel’s part. He knew Charlet wouldn’t hurt him. Both parties characterized Becnel’s conduct as a reaction. Thus, we find that the accident occurred because of a natural reaction on the part of Becnel to defend himself against what he perceived as a sudden, unexpected danger or threat to his safety by the upraised chisel.
Under these facts the question is whether Charlet’s conduct constituted negligence. An affirmative answer emerges from an application of the duty-risk analysis made in Fowler v. Roberts, 556 So.2d 1, 4-8 (La.1989). Charlet had the duty of handling this potentially dangerous tool with reasonable care so as to avoid causing harm to anyone in close proximity. He breached that duty by raising the chisel at Becnel in such a manner as to elicit a spontaneous, defensive reaction which could easily produce an injury in close quarters. Charlet’s substandard conduct was a cause-in-fact of Becnel’s injury because the injury would not have occurred but for such conduct. Finally, the risk of Becnel’s injury was within the scope of protection afforded him by the duty placed on Charlet. The duty to guard against injury from this dangerous instrument to those in close proximity placed Becnel squarely within that duty’s scope of protection.
Having concluded that Charlet’s conduct constituted negligence, we turn to the question of contributory negligence on Becnel’s part. Since the accident happened in 1975, any degree of contributory negligence would bar Becnel’s recovery. We find none. His conduct was a natural reaction to a reasonably perceived proximate danger. His conduct was not unreasonable under the circumstances. In making this determination, we are unhampered by any adverse finding by the trial court because once the trial court exonerated Charlet from fault, Becnel’s fault would have been a moot question.
This case was first tried in Charlet’s absence and resulted in a judgment in Becnel’s favor for $8,500. This court reversed the judgment and remanded the case for a new trial. Becnel v. Charlet, 446 So.2d 466 (La.App. 4th Cir.1984). At the second trial the parties adopted the testimony taken at the first trial and no new medical evidence was presented. Therefore, we have the benefit of the trial court’s evaluation of Becnel’s claim even though Charlet ultimately prevailed on liability, and we will not disturb the court’s evaluation absent an abuse of discretion. Becnel had a laceration over his right wrist and extensor tendon. Dr. Ray Haddad testified that the wrist had been well repaired, but Becnel lacked a small amount of lag and fall extension. Haddad stated that Becnel had some residual disability which did interfere with his work as an electrician but with a minor surgical procedure this condition could be alleviated to some extent. Becnel testified at the second trial, ten years after the accident, that he had some difficulties associated with the use of tools. We are not persuaded that the award was abusive of the trial court’s discretion.
Finally, we have the question of the State’s vicarious liability for Charlet’s tort. The record shows that Charlet was an employee of the State and was in the course and scope of his employment when he caused Becnel’s injury. Under these circumstances the State is liable. C.C. art. 2320. In this court the State has offered no reason why they would not be vicariously liable if Charlet is liable to Becnel.
Accordingly, the judgment appealed from is reversed and set aside. There is judgment in favor of plaintiff, Kirt A. Becnel, and against defendants, Jeffrey D. Charlet and the State of Louisiana, jointly and in *12 solido, in the sum of $8,500 with legal interest from date of judicial demand until paid and all costs of these proceedings except those costs previously assessed against Becnel in this court’s previous decision.
REVERSED AND RENDERED.