Dear Mr. Tureau:
This office is in receipt of your request for an opinion of the Attorney General in regard to any liability of the police jury for injuries that may occur to an individual having been sentenced to picking up litter after being found guilty of violation of the Parish litter ordinance.
You indicate the Ascension Parish Police Jury has recently passed a litter ordinance whereby an individual found guilty of littering shall be fined in an amount not exceeding $400.00 or be imprisoned for not more than 20 days, or both, "and shall be required to spend not less than eight (8) hours in one calendar day picking up litter, or to collect forty (40) pounds of common refuse or garbage". The judge shall designate the area for the collection of litter. A constable or other employee of the Police Jury would normally supervise the litter pick up which often will be along the public highway right-of-ways.
In Attorney General Opinion Number 82-797 this office stated the liability of the Parish Police Jury for injuries sustained by prisoners sentenced to two days in jail or to work in court approved community services would depend upon the circumstances of each individual case. The opinion concludes, "If he was injured through the negligence of the sheriff or his employees then the police jury probably would not be liable. If such a prisoner is working in a community service activity then the question of liability would depend upon whether the police jury has any control over the agency conducting the activity." However, it was further stated that such person would not be eligible for workmen's compensation, citing Jeansonne v. Parish of East Baton Rouge, 354 So.2d 619 (La. Ap. 1977).
Since you indicate a constable or other employee of the police jury would supervise the litter pick up, it appears that the police jury would be in control of the community service activity in question and would, therefore, be liable for injuries resulting from any negligence on the supervisors part in the operation of the clean up detail. See, Cole v. City of Westlake, 317 So.2d 928 (La.App. 1987).
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0427f