Dear Dr. Kleinpeter:
On behalf of Louisiana Prison Enterprises, you requested an opinion from this office on the following issue:
 Would a convicted felon, incarcerated in a state institution, who is employed by a private sector company in a certified Prison Industry Enhancement project, be entitled to receive workers' compensation benefits during the period of his incarceration? (emphasis in original).
The threshold question is whether the incarcerated felon is an employee for purposes of Louisiana workers' compensation law, R.S. 23:1021 et seq. Louisiana courts have held that inmates are not employees of the state, even when they are compensated for their work. Leonard v. Blackburn, 468 So.2d 436 (La.App. 1 Cir. 1985) and Jeansonne v. East Baton Rouge Parish,354 So.2d 619 (La.App. 1 Cir. 1977), writ denied 356 So.2d 436. See also La. Atty. Gen. Op. Nos. 83-395, 83-186, 82-1081, and 81-732. However, none of these cases concerned an inmate working for a private sector employer.
A person rendering service for another is presumed to be an employee, except as otherwise provided by law. R.S. 23:1044. Inmates are not excepted from this presumption. Because of this presumption, and since Louisiana Prison Enterprises will pay the inmates minimum wage, the inmates are employees of the private sector employer. As employees, the inmates have a right to workers' compensation benefits.
Prior to the enactment of R.S. 23:1201.4, this office opined that inmates were eligible for workers' compensation benefits from private sector work release employers. La. Atty. Gen. Op. Nos. 82-1081 and 79-1502. In 1989, the Legislature limited benefits with the enactment of R.S. 23:1201.4, which provides as follows:
 The employee's right to compensation benefits, including medical expenses, is forfeited during any period of incarceration; unless a hearing officer finds that an employee has dependents who rely on a compensation award for their support, in which case said compensation shall be made payable and transmitted to the legal guardian of the minor dependent or other person designated by the hearing officer and such payments shall be considered as having been made to the employee. After release from incarceration, the employee's right to claim compensation benefits shall resume.
The employee's right to receive benefits is forfeited during incarceration, and resumes after release from incarceration. Furthermore, the employee's dependents may receive benefits during the period of incarceration if the workers' compensation hearing officer finds the dependents rely on a compensation award for their support. Inmate workers are not deprived of the right to workers' compensation but are merely limited as provided in R.S. 23:1201.4.
Please do not hesitate to contact this office if we may be of further assistance to you.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 John S. "Chip" Coulter Assistant Attorney General
JSC:gfh