715 So.2d 1 (1998)
Nina Bringol RICHEY, Ryland Bringol and Chris Bringol
v.
Charles R. FETTY, Augusta Rodriguez Fetty, Gene R. Noyes, Phyllis L. Noyes, Kelly Kling, Mary Beth Kling, G. Steven Duplechain, Susan W. Duplechain and Real Estate Property Opportunity Systems, Inc.
No. 96 CW 2762R.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
Rehearing Denied July 14, 1998.
*2 Stacy G. Butler, Baton Rouge, for plaintiffs/respondents Nina B. Richey, Ryland Bringol and Chris Bringol.
R. Loren Kleinpeter, Edmund J. Giering, G. Steven Duplechain, Baton Rouge, for defendants/relators G. Steven Duplechain and Susan W. Duplechain.
John O. Shirley, Baton Rouge, for defendants Kelly Kling and Mary Beth Kling.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
In this writ application, relators seek review of the trial court's denial of their motion for dismissal of plaintiffs' suit against them on the grounds of abandonment. For the following reasons, we grant the writ application and remand to the trial court for entry of a formal order of dismissal.

PROCEDURAL HISTORY
On June 10, 1988, plaintiffs/respondents, Nina Bringol Richey, Ryland Bringol and Chris Bringol, filed a petition for executory process, seeking to have seized and sold the real property with improvements located at Lot No. 6, Square 23 of Duchein Place Subdivision, Parish of East Baton Rouge, State of Louisiana. Named as defendants were Charles R. Fetty, Augusta R. Fetty, Gene R. Noyes and Phyllis L. Summers Noyes, the persons who had originally executed a promissory note and mortgage of the subject property in favor of plaintiffs, and Kelly Kling, Mary Beth Kling, G. Steven Duplechain, Susan W. Duplechain and Real Estate Property Opportunity Systems, Inc. (REPOS), the parties who acquired the subject property on subsequent dates with assumption of the mortgage.
On February 2, 1989, plaintiffs filed an amended petition, in which the suit for executory process was converted to an ordinary proceeding. Thereafter, defendants/relators, Steven and Susan Duplechain, answered the *3 petition on March 29, 1989, and Kelly and Mary Beth Kling answered the petition on April 10, 1989. On July 10, 1990, a default judgment was rendered in favor of plaintiffs and against defendant, REPOS, in the amount of $38,359.42, together with interest and attorney's fees, representing the full amount due on the promissory note. The judgment further recognized and preserved the mortgage of the subject property and specifically reserved and maintained plaintiffs' rights to proceed against the remaining defendants.
Thereafter, on September 28, 1990, the Duplechains filed into the record interrogatories and requests for production of documents propounded to plaintiffs.[1]
The record contains no further filings until the filing of the motion and order of dismissal at issue herein.
On January 26, 1996, the Duplechains filed an ex parte motion and order of dismissal on the grounds of abandonment, pursuant to LSA-C.C.P. art. 561. Plaintiffs filed an objection to the ex parte motion for dismissal and requested that the matter be set for a contradictory hearing.[2] A hearing on the motion was conducted on October 21, 1996. In opposing the motion for abandonment, plaintiffs pointed out that the action had been taken to final judgment against one of the solidary obligors, REPOS. Thus, they contended, since the action had been prosecuted to judgment, abandonment was inapplicable. They argued that since the case had not been abandoned as to one obligor, the remaining obligors should remain liable on the action without plaintiffs having to take any step to prosecute the action against them. Plaintiffs argued that the Duplechains were asking the court to find that the action had been partially abandoned as to them, despite the obvious fact that it had not been abandoned as to REPOS. Plaintiffs asserted that neither Louisiana law or jurisprudence provides for partial abandonment.
In oral reasons for judgment, the trial court stated as follows:
If I were to declare the action abandoned, I would in essence have to void the judgment. You're asking it be abandoned as to solidary obligors.
By judgment dated October 28, 1996, the trial court denied the motion for dismissal, specifically finding that the lawsuit had not been abandoned.
Thereafter, the Duplechains applied to this court for a supervisory writ of review. On May 16, 1997, in a split decision, this court denied the writ application, stating that "[t]here is no partial abandonment of actions." The Duplechains then applied for writs to the Louisiana Supreme Court, which granted the writ application and remanded to this court for briefing, argument and opinion.

LAW OF ABANDONMENT
Louisiana Code of Civil Procedure article 561 provides that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years."[3] The article further provides:
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct *4 that a contradictory hearing be held prior to dismissal.
A step in the prosecution or defense of an action within the meaning of LSA-C.C.P. art. 561 is a formal move or action before the trial court intended to hasten the matter to judgment. Jones v. Phelps, 95-0607, p. 4 (La.App. 1st Cir. 11/9/95), 665 So.2d 30, 33, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104. Any action taken by a party alleged to be a step in the prosecution or defense of the suit must appear in the court record so that examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence. Willey v. Roberts, 95-1037, p. 4 (La.App. 1st Cir. 12/15/95), 664 So.2d 1371, 1375, writ denied, 96-0164 (La.3/15/96), 669 So.2d 422. Thus, by its clear and unambiguous wording, LSA-C.C.P. art. 561 requires three things of the plaintiff: (1) he take some "step" in the prosecution of the lawsuit; (2) he do so in the trial court; and (3) he do so within five years of the last "step" taken by any party. Jones, 95-0607 at p. 4, 665 So.2d at 33.
When any party to a lawsuit takes formal action in the trial court, it is effective as to all parties for the purpose of preventing abandonment. Sassau v. Louisiana Workover Service, Inc., 607 So.2d 809, 812 (La. App. 1st Cir.), writ denied, 609 So.2d 259 (La.1992).
The concept of abandonment is designed to hasten suits to judgment and to discourage vexatious, harassing or frivolous lawsuits by preventing plaintiff from allowing such suits to linger indefinitely. The five-year period designated by the legislature balances the plaintiff's right to have his day in court as well as the right of the defendant to adequately defend himself. Willey, 95-1037 at p. 5, 664 So.2d at 1375.

ARGUMENTS OF THE PARTIES
In support of their writ application, the Duplechains argue that plaintiffs have relied on the rendition of a default judgment against one of the original defendants to "interrupt" abandonment indefinitely, despite plaintiffs' failure to take any formal step in the action against the remaining defendants for a period in excess of five years. The Duplechains take the position that the reduction of a claim to final judgment against one defendant, in this case REPOS, does not in and of itself render LSA-C.C.P. art. 561 inapplicable to the action. The Duplechains acknowledge that when any party in a lawsuit takes formal action in the trial court, it is effective as to all parties for the purpose of preventing abandonment. They further admit that the steps taken by plaintiffs in the prosecution of the action against REPOS and the obtaining of a default judgment against REPOS were steps in the prosecution of this matter which were sufficient to interrupt the five year abandonment period as to all defendants from the time of the rendition of the default judgment for five years forward. However, the Duplechains argue that a finding that once a default judgment was rendered against one defendant, abandonment was thereafter inapplicable, and the remaining defendants would remain liable on the action without the plaintiffs having to take any further steps to prosecute the action against them, is both unduly burdensome and unreasonable.
Rather, the Duplechains assert that by choosing to prosecute this action to judgment against only one defendant, plaintiffs have effectively chosen to bifurcate into two separate proceedings. They argue that, procedurally, the action against REPOS is now solely one of enforcement of the default judgment and collection, while the action against the eight remaining defendants is an ordinary proceeding for money judgment. Thus, they assert, since defendant REPOS is no longer a participant in the ordinary proceedings before the trial court, the rendition of a default judgment against REPOS will not insulate plaintiffs from abandonment of this ordinary proceeding against the remaining eight defendants.
The Duplechains further argue that as long as there are necessary steps to be taken in the prosecution of an action, the relief of abandonment should be applicable to that action. Otherwise, the mere taking of a default judgment against one defendant would grant the plaintiffs the right to leave this *5 litigation "hanging open for the rest of the remaining defendants' natural lives" without plaintiffs ever having to take any further steps in the prosecution of the matter, a result which they contend is contrary to the purpose of LSA-C.C.P. art. 561.
Plaintiffs, on the other hand, argue that once an action has been prosecuted to judgment, abandonment principles are inapplicable. They contend that LSA-C.C.P. art. 561 only provides for abandonment of the action itself, not for abandonment as to a specific defendant. They argue that because a judgment has been rendered against one defendant, the action has not been abandoned. Plaintiffs assert that since the action has not been abandoned as to one defendant (in that a judgment has been rendered against that defendant), the action remains active and is prevented from being abandoned without plaintiff having to take any step to prosecute the action against the remaining defendants.
The issue presented herein appears to be res nova. Both plaintiffs and the Duplechains acknowledge that their research has not uncovered any Louisiana case presenting the issue of applicability of the abandonment article in a factual situation or procedural posture analogous to that presented herein. Likewise, our research has not revealed any cases directly addressing the issue raised herein.

DISCUSSION
As stated above, LSA-C.C.P. art. 561 provides that "[a]n action" is abandoned for failure to prosecute for five years. A "civil action" is as "a demand for the enforcement of a legal right," which is commenced by the filing of a pleading presenting the demand to the court. LSA-C.C.P. art. 421. Once an action is prosecuted to rendition of judgment, the principle of abandonment no longer applies. Becnel v. Charlet, 446 So.2d 466, 469 (La.App. 4th Cir.1984); see also Wilson v. King, 233 La. 382, 387, 96 So.2d 641, 642 (1957)(interpreting former LSA-C.C. art. 3519, the predecessor article to LSA-C.C.P. art. 561).
A judgment is "the determination of the rights of the parties in an action." LSA-C.C.P. art. 1841. A judgment is a solemn adjudication of a court, which settles the rights of the parties, as disclosed by the record, and which passes on matters presented for determination. Preston Oil Company v. Transcontinental Gas Pipe Line Corporation, 594 So.2d 908, 913 (La.App. 1st Cir. 1991). Once an obligation or a litigious right is reduced to judgment, it is merged with the judgment and no longer exists as a distinct obligation or litigious right. Glazer Steel Corporation v. Larose Shipyard, Inc., 372 So.2d 250, 251 (La.App. 1st Cir.1979). Thus, it is clear that the "action" or "demand for the enforcement of a legal right" cannot be deemed abandoned for purposes of LSA-C.C.P. art. 561 once the litigious right is merged with the judgment.
Louisiana Code of Civil Procedure article 461 recognizes that there may be cumulation of several "actions" in one demand "by one or more plaintiffs against one or more defendants." Each party's demand for enforcement of a legal right against each defendant is regarded as a separate action which may be cumulated in a single suit provided there is a community of interest, each of the actions is within the jurisdiction of the court and at the proper venue, and all actions are mutually consistent and employ the same form of procedure. LSA-C.C.P. art. 463; Texas Gas Transmission Corp. v. Gagnard, 223 So.2d 233, 237 (La.App. 3rd Cir.1969); see also Ly v. State Through Department of Public Safety and Corrections, 633 So.2d 197, 207 (La.App. 1st Cir.1993), writ denied, 93-3134 (La.2/25/94); 634 So.2d 835. Thus, several "actions" may be cumulated in the same judicial demand or lawsuit.
Plaintiffs characterize the suit herein as a case presenting one cause of action being asserted against several defendants who are solidarily obligated to plaintiffs under the terms of the promissory note. However, we do not agree with plaintiffs' characterization. In Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1237-1239 (La.1993), the Louisiana Supreme Court discussed the concepts of "cause of action," "civil action" and "cumulation of actions." *6 While an "action" is simply "the demand for the enforcement of a legal right," a "cause of action" is "the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant." Everything on Wheels Subaru, Inc., 616 So.2d at 1238. The Court explained that there is only one cause of action (although several demands may be asserted thereon) when the operative facts of one transaction or occurrence give rise to the plaintiff's right to assert the action against the defendant. However, there are separate and distinct causes of action when the operative facts of separate and distinct transactions or occurrences give rise to the plaintiff's right to assert various actions against the defendants. Everything on Wheels Subaru, Inc., 616 So.2d at 1238-1239.
In the instant case, although default on the mortgage note by REPOS was the final triggering event which gave rise to plaintiffs' right to litigate against these defendants, it is not the sole operative fact giving rise to that right. Indeed, there are distinct transactions giving rise to plaintiff's claims against these defendants, i.e., the execution by each defendant of either the original mortgage or the subsequent sales with assumption of the mortgage at issue herein. Thus, in addition to there being several "actions" cumulated herein, there also appears to be several "causes of action" asserted. See Everything on Wheels Subaru, Inc., 616 So.2d at 1238-1239.
In a situation, such as the present case, where several separate actions have been cumulated, the issue becomes whether rendition of judgment on one of several cumulated actions renders the rule of abandonment inapplicable to all the remaining actions.
Once judgment is rendered against the defendant or defendants in one of the cumulated actions, the litigious right sought to be enforced by that action is merged with the judgment and no longer exists as a distinct litigious right. As such, the defendant or defendants against whom judgment is rendered are no longer a part of the ongoing litigation and that action is removed from the prosecution of the remaining cumulated actions, in the sense that plaintiff is no longer seeking to enforce that litigious right through rendition of judgment.[4]
Where a plaintiff's rights against one individual defendant or defendants in one of several cumulated actions have been merged with a judgment, the remaining "action" for purposes of prosecution to judgment and, consequently, the rule of abandonment, must be the plaintiff's claims raised in the remaining cumulated actions against the remaining defendants. Given our liberal rules of cumulation of actions and joinder of parties, see Everything on Wheels Subaru, Inc., 616 So.2d at 1239, and given the purpose of the rule of abandonment, i.e., to hasten suits to judgment by preventing plaintiff from allowing suits to linger indefinitely, a holding that a judgment rendered against one defendant in one cumulated action renders the rule of abandonment forever inapplicable as to the remaining defendants in the remaining cumulated actions would be unreasonable.
Because the trial court in its oral reasons seemed to indicate that its ruling was based to some extent on the fact that the defendants herein were solidary obligors, we next address whether solidarity among the defendants should somehow render the principle of abandonment inapplicable herein.
Louisiana Civil Code article 1795 provides that "[a]n obligee, at his choice, may demand the whole performance from any of his solidary obligors." Moreover, reduction of the indebtedness to judgment against one solidary obligor does not discharge the remaining solidary obligors from the obligation. Polk Chevrolet, Inc. v. Vicaro, 162 So.2d 761, 765 (La.App. 1st Cir.1964). If the obligee sues one solidary obligor on the obligation, the obligee may still bring a later suit on the same obligation against other solidary obligors, whether or not the claim against any of the solidary obligors has been reduced to judgment. LSA-C.C. art. 1795. Bonacorso v. Turnley, 98 So.2d 295, 299 (La.App. 1st Cir.1957). The obligee has the right to bring *7 a subsequent action unless the obligation is extinguished (such as by payment) or unless barred by prescription or res judicata. Steptoe v. Lallie Kemp Hospital, 93-1359, p. 5 (La.3/21/94), 634 So.2d 331, 335. Additionally, where the obligee has sued two solidary obligors in the same suit, the obtaining of a default judgment against one does not preclude the plaintiff from pursuing the original suit against the other solidary obligor. Frank's Door & Building Supply, Inc. v. Double H. Construction Company, 459 So.2d 1273, 1277 (La.App. 1st Cir.1984).
Clearly, if plaintiff had brought separate suits against each solidary obligor, pursuant to LSA-C.C. art. 1795, the obtaining of judgment against one obligor in one suit would in no way prevent the applicability of the rule of abandonment in the remaining suits against the remaining solidary obligors. Likewise, we find no basis in the law for concluding that the mere act of cumulating the actions in one lawsuit against several solidary obligors warrants a different result.
For these reasons, we hold that where, as here, a plaintiff or plaintiffs have cumulated several actions against several defendants, the rendition of judgment against the defendant or defendants in one of the cumulated actions does not automatically render the rule of abandonment inapplicable to the remaining actions. A default judgment may be rendered against a defendant who has not answered without waiting for trial on the merits as to any remaining defendants who did file answers. Vehrs v. Jefferson Insurance Company, 168 So.2d 873, 876-877 (La.App. 3rd Cir.1964), writ denied, 247 La. 256, 170 So.2d 511 (1965). However, the rendition of judgment in that situation does not relieve the plaintiff of his obligation to timely prosecute his claims against the remaining defendants, a responsibility which is uniquely plaintiff's. Failure to take steps in the prosecution of the remaining actions against the remaining defendants may result in abandonment of those actions.
Applying this rule to the present case, we conclude that the trial court erred in failing to enter a formal order of dismissal as to the Duplechains in this matter. As reflected by the record before us, following rendition of judgment against REPOS, the last step in the prosecution or defense of the matter as to the remaining defendants was the filing of interrogatories and requests for production of documents by the Duplechains on September 28, 1990. Thus, because no formal action was taken in this matter during the five years thereafter, the action was abandoned as to the remaining defendants as of September 28, 1995. A formal order recognizing the abandonment should be entered.

CONCLUSION
For the above and foregoing reasons, the matter is remanded to the trial court for entry of a formal order of dismissal without prejudice of plaintiffs' claims against G. Steven Duplechain and Susan W. Duplechain.[5]
NOTES
[1] Although not contained in the record before us, the Duplechains, in their brief to this court, state that discovery was propounded by plaintiffs and answered by the Duplechains in October of 1990.
[2] Louisiana Code of Civil Procedure article 561 provides that a party may file an ex parte motion seeking to have the court enter a formal order of dismissal. However, the article further provides that the trial court may direct that a contradictory hearing be held prior to dismissal.
[3] By Acts 1997, No. 1221, § 1, LSA-C.C.P. art. 561 was amended to provide that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. As amended, the article further provides that any formal discovery as authorized by the Code of Civil Procedure and served on all parties, whether or not filed of record, including the taking of a deposition without or without formal notice, shall be deemed to be a step in the prosecution or defense of the action. Section 2 of this Act provides that the Act shall become effective on July 1, 1998, and shall apply to all pending actions.
[4] Obviously, plaintiff may later seek to enforce the judgment pursuant to Book IV of the Code of Civil Procedure.
[5] Louisiana Code of Civil Procedure article 561 does not authorize the trial court to dismiss an action with prejudice. Therefore, such a dismissal should be without prejudice. St. St. Tammany Parish Sewerage District No. 7 v. Monjure, 95-0937, p. 3. (La.App. 1st Cir. 12/15/95), 665 So.2d 801, 802.