GULOTTA, Judge.
The trial judge dismissed plaintiffs’ action and a third-party petition for lack of prosecution for a period of five years in accordance with the provisions of LSA-C. C.P. art. 561.[1] Both plaintiff and the third-party petitioner appeal. We reverse.
*212 Plaintiffs contend that they cannot be charged with having abandoned or failing to prosecute their claim since the matter was prosecuted up to the point at which the court was placed in a position to render judgment. According to plaintiffs, the trial judge took the matter under. advisement and any delays are chargeable to him and not to them. They support their position with the minute entry which reads as follows:
“The Court granted Mr. Cain ten days within which to file memorandum; Mr. Weigel was granted an additional ten days to answer, and Mr. Francipane was granted an additional ten days to answer both, after which time and upon the filing of the transcript of testimony, the matter would he considered submitted and taken under advisement by the Court.” (emphasis ours)
Plaintiffs argue that, according to the minute entry, the matter was submitted at the expiration of the time for filing the memoranda. The matter was then under advisement. They cite and relay on Barton v. Burbank, 138 La. 997, 71 So. 134 (1916). In that case, although more than five years had elapsed from the taking of steps in the prosecution of the case, the Supreme Court refused to impute the delay to the plaintiff and, therefore, did not dismiss the suit. Plaintiff had prosecuted the suit to the point that it had been submitted and taken under advisement by the trial judge who took no action for more than five years. The court stated that the purpose of the statute was to “hold a plaintiff responsible for delay attributable to his non-action,” and was, therefore, not applicable because the delay was attributable to the trial judge.
Defendants, on the other hand, contend that, according to the transcript, the matter would be taken under advisement only after the transcript was filed and each counsel filed his memorandum. Since no mem-oranda or briefs were filed (though the transcript was filed), according to defendants, the matter was never taken under advisement. Defendant relies on the transcribed record of the proceedings which reads in part as follows:
“Upon the filing of the testimony, the plaintiff will have ten days to file a memorandum and Mr. Weigel will have ten days to answer him and then Mr. Francipane will have ten days to reply to both and when the memorandums are all filed, the matter will be considered submitted and taken under advisement.”
They argue that the instant matter is analogous to LeBlanc v. Thibodaux, 162 So.2d 753 (La.App. 1st Cir. 1964), where the court held that the filing of the briefs was a prerequisite to the matter being submitted for decision. Since the briefs were never filed, according to the court in Le-Blanc, the court had nothing before it. The delay in that case was chargeable to the plaintiff.
While we agree with the holding in the LeBlanc case, we do not find that case to be analogous to the instant one. Here, according to the minute entry, the matter was submitted and taken under advisement after the time for the filing of the briefs had elapsed. The significant language in the minute entry is
“ * * * after which time and upon the filing of the transcript of testimony,[2] the matter would be considered submitted and taken under advisement by the Court.”
Only the expiration of the time for the filing of the memoranda was a .prerequisite to the case being submitted and taken un *213 der advisement, not the filing of the mem-oranda. The minute entry is clear in this respect.
However, it is equally clear that a conflict exists between the language in the minute entry and the language as contained in the transcript. The pertinent language in the transcript is as follows:
“ * * * when the memorandums (sic) are all filed, the matter will be considered submitted and taken under advisement.”
Clearly, according to the transcript, the filing of the memoranda is a prerequisite to the matter being submitted and taken under advisement. Since no memoranda were filed, defendant logically argues, the matter was never submitted nor taken under advisement.
We are presented, then, with the question of when a conflict exists between a minute entry and the transcript, which prevails ?
We have not found any jurisprudence which resolves the conflict between a minute entry and a statement by the trial judge contained in the transcript, nor have we been cited any. However, we believe that the case of Ansley v. Stuart, 123 La. 330, 48 So. 953 (1909), is analogous to the instant matter. In that case, the court was confronted with a conflict between a minute entry and the Clerk’s certificate stating that the transcript was true and complete. The court resolved the conflict by holding that the minute entry prevailed. The An-sley case is similar to the instant one in that both cases involve conflicts between the minute entry of the trial court and a stenographer’s representation as to what transpired at the trial.
We believe the Ansley case is controlling in this situation and that a minute entry which has been signed by the trial judge should prevail when in conflict with an offhand statement by the trial judge which has been recorded by a stenographer and made part of the transcript.
Accordingly, it is our conclusion that the minute entry in such instance prevails. We hold the matter was submitted and taken under advisement after the expiration of the time for filing memoranda, irrespective of whether or not the memo-randa were filed. The delay is, therefore, not chargeable to the plaintiffs. Plaintiffs’ action and the third-party demand is, therefore, viable. Accordingly, the judgment of the trial court is reversed.
During the time that the matter was under advisement and before the filing of the motion for dismissal, the trial judge who heard the matter died. In such instance, LSA-R.S. 13:4209 provides that his successor in office shall decide the case from the evidence in the record when all of the testimony is in writing. This is precisely the posture of this record. Accordingly, the matter is remanded for decision on the merits based on the evidence contained in the record. The assessment of costs is to await final determination on the merits.
Reversed and remanded.

. LSA-G.C.P. art. 561 reads as follows:
“An action is abandoned when the parties fail to take any step in its prosecution .or defense in the trial court for a period of five years. This provision shall be operative without formal .order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal *212 order of dismissal as of the date of its abandonment.
“An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year.”

. It is admitted that the transcript of testimony was timely filed and the filing of the transcript is not in issue.