WARD, Judge.
The issue in this appeal is whether defendants who were dismissed without prejudice from a lawsuit may be renamed as defendants in a supplemental petition filed by the plaintiff. We agree with the Trial Judge — they may not — and we affirm his ruling vacating and recalling plaintiff’s second amending petition.
The judgment appealed from is the culmination of a lawsuit in which Patrick K. Williams seeks to recover damages for injuries he received when his vehicle was struck by another. Williams named as defendants alleged joint tortfeasors: Peggy Cottle, the owner of the other vehicle involved in the accident; Francis Urann, who was driving Cottle’s car; and Urann’s employer, Joseph E. Brown, d/b/a J.B.’s Foreign Car Service. Brown and Urann filed a dilatory exception alleging that Williams’ petition did not specifically plead special damages as required by Louisiana Code of Civil Procedure Articles 891 and 861. On May 24, 1983, the Trial Judge maintained the exception and gave Williams 15 days to amend his petition to remove the grounds of Brown and Urann’s objection. In the meantime, defendant Cottle, who had not joined in the exception, answered Williams’ lawsuit and filed a third-party demand against Brown and Urann seeking contribution and indemnity in the event of a judgment against her. On June 23, 1983, the Trial Judge granted Brown and Urann’s motion to dismiss Williams’ suit without prejudice because Williams had not amended his petition to remove the grounds for their dilatory exception. On August 4, 1984, Williams filed his First Supplemental and Amending Petition, adding the City of New Orleans as a defendant and reiterating his list of alleged damages from the original petition while adding an item, “Property Damage” in the amount of $2,719.89. The following day, Williams, with leave of court, filed a Second Amended Petition which renamed Brown and Urann as defendants but made no changes in the pleading of damages. Brown and Urann then filed two sets of exceptions seeking to avoid their potential liability on Cottle’s third party demand. All the exceptions were denied. Finally, on June 29, 1984, Brown and Urann filed a pleading captioned “Rule Nisi to Vacate and Recall Order Permitting the Filing of Plaintiff’s Second Amended Petition”. Brown and Urann contended that Williams had not amended his petition to specifically plead special damages and that a judge from another division, who was unfamiliar with the case, erroneously signed the order allowing the filing of the amending petition which renamed Brown and Urann as defendants. The Trial Judge ruled in favor of Brown and Urann, vacating and recalling the Second Amended Petition.
In his appeal from that ruling, Patrick Williams asserts that because dismissal without prejudice is not a bar to another suit on the same cause of action, Brown and Urann have no grounds to complain because the amended petition restates the same cause of action. Williams argues that although the usual procedure would be to file a new suit after dismissal without prejudice, that procedure is not necessary in this case because the original suit remained pending against defendant Peggy Cottle and against Brown and Urann as *307 third-party defendants to that suit. Furthermore Williams argues, the amended and supplemental petition should not have been recalled because Brown and Urann had notice of the claims against them. Williams also argues that had he not sued Brown and Urann initially, he would now be able to add them in an amended petition as provided by Code of Civil Procedure Article 1151.
Although we agree that a lawsuit dismissed without prejudice pursuant to Code of Civil Procedure Article 933 can be reinstituted, it can not be revived by filing an amended and supplemental petition. It is necessary to file a new suit. Code of Civil Procedure Article 1673 provides that “[a] judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.” (Our emphasis.) This means that another suit must be filed, and arguments of convenience or notice to the defendants are immaterial. Williams cannot breathe life back into his dismissed suit against Brown and Urann by amending his petition — a step which would have precluded the dismissal but which is now too late.
Moreover, Williams’ argument overlooks one critical point: Williams still has not removed the grounds for Brown and Ur-ann’s objection to his original petition. Code of Civil Procedure Article 861 requires that when special damages are claimed, they shall be specifically alleged. Williams original petition alleged “Medical expenses (past, present, and future)” of $5,000.00 and “Medication and miscellaneous” amounting to $1,000.00. The first amending petition added unspecified property damage of $2,719.89, and the second amending petition made no further changes in the pleading of damages. Such general unspecified allegations of special damages will not suffice in the face of an objection by a defendant on the grounds that the plaintiff must specifically plead special damages. Hence, the Trial Judge was correct in dismissing Williams’ original petition against Brown and Urann and in vacating and recalling, the amended petition.
AFFIRMED.