BYRNES, Judge.
WRIT GRANTED:
We grant certiorari in order to consider the validity of a ruling of the court on April 15, 1990 denying relators’ motion to vacate a previous order allowing the filing of amending petition by plaintiffs. Sued for medical malpractice, relators, defendant physicians, Dr. William A. Perez and Dr. Charles Eckert, excepted on the grounds of prematurity because they are duly qualified health care providers under LSA-R.S. 40:1299.41 et seq., the Medical Malpractice Act, which requires an opinion of a medical review panel as a condition precedent to the filing of suit. The trial court in Orleans Parish sustained the exception and dismissed Drs. Perez and Eckert “without prejudice, with plaintiffs reserving all rights against all parties defendant following a decision of the Medical Review Panel.” Thereafter, co-defendants, East Jefferson General Hospital (EJGH) and Eye, Ear, Nose and Throat Hospital (EENT) were also dismissed without prejudice. Plaintiffs had filed this action in Civil District Court for the Parish of Orleans, as well as a suit in the Twenty-fourth Judicial District Court for the Parish of Jefferson. Because East Jefferson General Hospital is a public subdivision of the State, pursuant to LSA-R.S. 13:5104“B”, the trial court in Orleans Parish granted EJGH’s exception *1202 of improper venue and transferred the suit against EJGH to Jefferson Parish. The original lawsuit was maintained in Orleans Parish against co-defendant, Dr. William F. Rachel, who was not qualified under the Medical Malpractice Act. After the medical review panel rendered its decision, the district court granted plaintiffs’ motion and order for leave to amend their premature suit in Orleans Parish, joining Drs. Perez and Eckert as additional defendants. Thereafter, the trial court denied the motion of Drs. Perez and Eckert to recall and vacate the order allowing plaintiffs to file an amending petition based on the grounds of prematurity, res judicata, improper join-der of parties, forum non conveniens and lis pendens.
In their application for writs, Drs. Perez and Eckert contend that the trial court erred in allowing plaintiffs to renew their petition without having to file a new suit against relators. In considering this issue, we decline to review the merits of relators’ lis pendens/forum non conveniens arguments presented in their motion in trial court but not raised in relators’ application for writs in this court.
In Williams v. Cottle, 471 So.2d 305 (La.App. 4th Cir.1985), this court interpreted Louisiana Civil Code Article 1673:
Although we agree that a lawsuit dismissed without prejudice pursuant to Code of Civil Procedure Article 933 can be reinstituted, it can not be revived by filing an amended and supplemental petition. It is necessary to file a new suit.
In Desselles v. Brumfield, 386 So.2d 191 (La.App. 4th Cir.1980), this court considered plaintiffs’ argument based on the fact that an alleged co-tortfeasor not being covered by the Medical Malpractice Act remained as a defendant in the original lawsuit. However, this court rejected plaintiffs’ argument because plaintiffs • failed to apply for writs to reverse the sustaining of the exception but applied for writs for leave to amend their original petition. This court stated:
We ... dismiss as expressly required both by La.C.C.P. 933’s general rule “If the dilatory exception pleading prematurity is sustained, the suit shall be dismissed” and by R.S. 40:1299.47 B’s special rule “No action against a health care provider covered by this part, ... may be commenced in any court of this state before ... presented to a medical review panel.”
Amendment of a suit after dismissal or final judgment should not be permitted. Nevertheless, pleadings should be liberally construed so as to give the pleader an opportunity to present his evidence and to achieve substantial justice. LSA-C.C.P. Art. 865; Jackson v. Housing Authority of New Orleans, 478 So.2d 911 (La.App. 4th Cir.1985). In the instant case, the judgment is not final. In James v. Missouri Pacific Railroad Company, 113 So.2d 41 (La.App. 2d Cir.1959), the appellate court declared:
... amendments to pleadings should be permitted where they tend to further justice, cause no injury and are without prejudice to the right of the other party. Should the other party plead surprise, he may obtain time to prepare adequate defense. Our ... tendency is to relax the technical rules of pleading in order to arrive at the truth, afford a litigant his day in court and avoid a miscarriage of justice. This court has consistently recognized the right of the plaintiff to amend his petition with the leave of court, after issue joined, provided the amendment did not assert a demand different from the relief first sought or change the substance of the demand.
The Louisiana Code of Civil Procedure Article 73 states in pertinent part that “an action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42, as to any obligor who is made a defendant.” The court should interpret such a statute in the spirit of the law so as to produce a reasonable result. Kellis v. Farber, 523 So.2d 843 (La.1988); Smith v. Flournoy, 238 La. 432, 115 So.2d 809 (1959). Had plaintiffs not originally sued Drs. Perez and Eckert, they would now be able to join them as additional defendants by court order allowing plaintiffs to file a supplemental peti *1203 tion. LSA-C.C.P. Art. 1151. If jurisdiction over the relators were terminated upon their dismissal without prejudice, they were placed in the position of not being sued. Therefore, plaintiffs could add them as defendants by amended petition by leave of the trial court.
Louisiana Code of Civil Procedure Art. 1673 states that in pertinent part that “... a judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.” The Official Revision Comment notes that “(a) case dismissed without prejudice can be reinstituted; the judgment is neither final or definitive.” We interpret the word “reinstitute” to mean “reestablish”. The wording “shall not constitute a bar to another suit” in LSA-C.C.P. Art. 1673 does not necessarily mean that a pending suit amended to join the same defendants shall be barred. Where there are no other viable defendants remaining in the original suit, a new suit is required. Louisiana C.C.P. Art. 933’s general rule — that if a dilatory exception pleading prematurity is sustained, the suit shall be dismissed — is mandated where no co-defendant tort-feasors remain in the original suit. However, where a viable defendant remains in an existing lawsuit, it is an unnecessary and useless act to require plaintiffs to file a new suit and then move to consolidate the cases, warranting a wasteful, burdensome procedure. We find no prejudice to the rights of the other parties in allowing plaintiffs to amend their original petition to join additional defendants who have been dismissed without prejudice when a viable defendant remains in an existing lawsuit. Accordingly, we overrule our prior decisions of Williams v. Cottle and Desselles v. Brumfield where they are inconsistent with our present holding.[1]
The judgment of the trial court denying relators’ motion to recall and vacate the previous order allowing plaintiffs amending petition is affirmed.
AFFIRMED.
LOBRANO, WARD and ARMSTRONG, JJ., dissent.
WILLIAMS, J., dissents with reasons.
BECKER, J., dissents with reasons assigned by WILLIAMS, J.

. In accordance with the internal rules of this court this proposal to overrule prior decisions of the court was submitted to the court en banc for consideration. A majority of the court en banc approved.