JjBYRNES, Judge.
Plaintiff, Lance J. Legaux, appeals the dismissal with prejudice of his suit against the Orleans Levee Board (“Levee Board”) in his claim of police brutality.
Plaintiff filed suit in January 1995 against the Levee Board, claiming that on July 17, 1994 “John Doe” Green tracked plaintiff down and arrested him, and while waiting for the Levee Board police officers to arrive at the scene, forced him to remain atop a red ant hill where he sustained multiple insect bites.
The case came to trial on September 25,
1996. The plaintiff requested a continuance based on incomplete discovery. The plaintiffs counsel attempted to withdraw as counsel of record on the morning of trial. The plaintiffs letter to his attorney dated September 24, 1996, shows that the plaintiff knew of the trial date and asked for a continuance to find new counsel. Although his attorney was present, the plaintiff did not appear on the date of trial. The trial court granted the defendant’s oral motion to dismiss without prejudice. On October 2, 1996 the trial court entered a written judgment, dismissing the suit without prejudice.
l?Qn September 30, 1996, plaintiff filed an application for new trial, which was denied on November 15, 1996. On January 13, 1997, the plaintiff filed a pro se devolutive appeal and a separate motion to reinstate. On the motion to reinstate the trial court wrote a note on January 15, 1997, stating: “To be set after devolutive appeal is heard by 4 th Cir. as per appeal this day.”
On March 8, 1997, plaintiff pro se filed a motion to withdraw his appeal. This *21 Court dismissed plaintiffs appeal without prejudice on March 12, 1997, and the case was remanded. Thereafter, on July 2, 1998, plaintiffs counsel filed a motion for status conference and a motion to reinstate and reopen discovery. At a hearing on September 11, 1998, the trial court noted that it had set dates but the law clerk told the trial court that the trial order had not been signed. The trial court agreed with the plaintiffs attorney that the hearing was moot.
On March 26, 1999, the trial court found that the case had not been reinstated in September 1998, and the case was dismissed with prejudice. The plaintiffs appeal followed.
At issue is whether the case can be reinstated.
Plaintiff contends that the case did not prescribe because there was activity in the case, and the case was not abandoned. Plaintiff submits that its motion to reinstate, was pending at the time of the appeal and kept the case active. Plaintiff claimed that there were ongoing settlement negotiations although the Levee Board asserted that one settlement offer on February 29, 1996 had been rejected by the plaintiff, and there were no ongoing settlement negotiations after that.
laAlso the plaintiff argues that one defendant, Willie Green, was named as defendant “John Doe” Green in the original petition. Plaintiff avers that Green was not served in 1996 or 1997, and the case was dismissed only as to the Levee Board, and because Willie Green was not dismissed from the suit, the suit remained open. The Levee Board claims that Willie Green was not served even as of the hearing on the motion to dismiss with prejudice that was granted on March 22, 1999, and Willie Green could not be considered a defendant in the suit. The supplemental record contains subpoenas to Willie Green dated August 11, 1995, January 11, 1996 and June 9, 1996. However, the judgment of dismissal without prejudice dated October 2, 1996 dismissed the entire suit because the trial court dismissed the suit with prejudice with no reservations.
Further, the plaintiff asserts that at the hearing on September 11, 1998, the defendant did not object to reinstatement. The hearing transcript record does not show that the trial court ordered the suit reinstated although it appears that dates had been set. The record contains a pretrial order dated July 20, 1998 with a trial set for February 8,1999. The record does not contain a judgment ruling on the plaintiffs motion to reinstate.
Presently a suit may be reinstated on motion of a party within sixty days when a party fails to appear and there is a settlement pending pursuant to La. C.C.P. art. 1672; however, this statute was amended in 1997 and was not effective until January 1, 1998.[1] The “Application” following La. C.C.P. art. 1672 states 1 ¿that “... The provisions of this Act shall be applicable only to suits filed on and after its effective date [Emphasis added.]” At the time that the petition in the original suit was filed in this case, La. C.C.P. art. 1672(A) provided:
*22 A. A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.[2]
The sixty-day time limit for reinstatement under La. C.C.P. art. 1672 does not apply to the present case because the suit was filed in 1994. However, other requirements restrict reinstatement.
In Barracliff v. East Jefferson General Hosp., 573 So.2d 1200 (La.App. 4 Cir.1991), writ denied 575 So.2d 825 (La.1991), two physicians were dismissed from a medical malpractice action based on their exception of prematurity because there was no decision of a medical review panel. Where the action was continued against the other defendants, and where the medical review panel then rendered its decision, the two physicians could be added as defendants to the suit; it was not necessary for the patient to file a new suit against the physicians and then move to consolidate that suit with the existing suit. Further, this Court stated: “Where there are no other viable defendants remaining in the original suit, a new suit is required.” Id., 573 So.2d at 1203.
| ffiarradiff applies in the present case because a new suit must be filed timely if there are no viable defendants remaining in the original suit. In this case the original judgment of dismissal without prejudice and the final judgment of dismissal with prejudice have no reservations to any defendants. Because all the defendants were dismissed, the plaintiff is required to file a new suit timely.
Plaintiffs claim that the suit has not been abandoned under La. C.C.P. art. 561 has no bearing because once an action is prosecuted to rendition of judgment, the principle of abandonment no longer applies. Richey v. Fetty, 96-2762 (La.App. 1 Cir. 4/8/98), 715 So.2d 1, writ denied, 98-2184 (La.11/13/98), 731 So.2d 257. In that case the appellate court noted that the rendition of a judgment against a defendant or defendants in one cumulated action does not automatically render the rule of abandonment inapplicable to the remaining actions. We find that the principle of abandonment no longer applies if the judgment dismissed all defendants and/or all actions.
In the present case, by not specifying dismissal against any particular defendant or claim, the trial court dismissed all claims and all defendants by judgment without prejudice, and subsequently by judgement with prejudice. Without any remaining defendants, the plaintiff must file a new suit timely. The present suit cannot be reinstated.

Sanctions and Attorney’s Fees

The Levee Board claims that it should be awarded sanctions and attorney’s fees for frivolous appeal. However, the Levee Board has neither filed an appeal nor did it answer the plaintiffs appeal. Although La.C.C.P. art. 2164 provides for damages for frivolous appeals, such damages are not proper where the party does |finot appeal or answer the appeal pursuant to La.C.C.P. art. 2133. Failure to answer or file an appeal precludes a review of a request for sanctions and attorney’s fees. Sears, Roebuck & Co. v. Appel, 598 So.2d 582, 584 (La.App. 4 Cir.1992); B. Bennett Mfg. Co., Inc. v. South Carolina Ins. Co., 96-731 (La.App 5 Cir.97), 692 So.2d 1258.
Therefore, the appellee Levee Board’s requests for sanctions and attorney’s fees are not considered.
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

PLOTKIN, J., dissents with written reasons.

. Effective January 1, 1998, La. C.C.P. art. 1672(A) provides:
Art. 1672. Involuntary dismissal
A. (1) A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with our without prejudice.
(2) The court, on its own motion, may dismiss an action without prejudice when all the parties thereto fail to appear on the day set for trial; however, when a case has been dismissed pursuant to this provision and it is claimed that there is a pending settlement, either party may reinstate the suit within sixty days of receipt of the notice of dismissal, and any cause of action which had not prescribed when the case was originally filed shall be fully reinstated as thought the case had never been dismissed.

. The revised art. 1672(A)(1) is same as the previous art. 1672(A).