hPLOTKIN, J.
dissenting with written reasons.
Because I believe that plaintiffs Lance Legaux’s case against defendant Orleans Levee Board was reinstated following the October 2,1996, judgment dismissing the case without prejudice, I respectfully dissent from the majority opinion affirming the trial court judgment dismissing the case with prejudice. As explained in further detail below, my conclusion is based on two circumstances presented by this case.
The first reason for my dissent is the fact that the record in this case indicates that the October 2, 1996, judgment did not dismiss Mr. Legaux’s claim against Willie Green. The Orleans Levee Board argues, and the majority finds, that Mr. Legaux’s claim against Mr. Green did not survive after the October 2, 1996 judgment. Two reasons are stated for this finding: (1) the October 2, 1996 judgment did not reserve Mr. Legaux’s claims against any party, and (2) Mr. Legaux was not served with process prior to the October 2, 1996 judgment. Concerning the first issue, the record is clear that the October 2, 1996 judgment was issued in response to the motion of the Orleans Levee Board alone; a judgment dismissing a case on the motion of one party cannot affect Mr. Legaux’s claims against any other party. Under the rules enunciated in Barracliff v. East Jefferson General Hospital, 573 So.2d 1200 (La.App. 4 Cir.1991), writ denied, 575 So.2d 825 (La.1991), the plaintiff may add a previously-dismissed defendant to an [ existing lawsuit based on the same facts, if other defendants remain in the suit after the dismissal. Thus, the question becomes whether Mr. Green remained in the suit.
Concerning the second issue, Mr. Le-gaux named Mr. Green as a defendant, alleging Mr. Green’s solidary liability with the Orleans Levee Board. Moreover, the record contains three different subpoenas directed to Mr. Green — one ordering him to appear in court on August 21, 1995, and two ordering him to appear in court on February 8, 1996. Moreover, two of those subpoenas — both the subpoena ordering Mr. Green’s appearance on August 21, 1995 and one of subpoenas ordering Mr. Green’s appearance on February 8, 1996— indicate that they were served by personal service to Mr. Green’s place of business. However, Mr. Green apparently did not appear on either of the dates he was subpoenaed. The . majority relies on the “claims” of the Orleans Leveé Board that Mr. Green had not been served by the time of the hearing on the motion to dismiss to find that Mr. Green “could not be considered a defendant in the suit.” I am unwilling to make such a finding on the record as it stands. Because Mr. Green remained as a defendant in this case, the Orleans Levee Board could be added to the suit.
My second reason for dissenting from the majority decision in this case is the fact that the record indicates that both the trial court and the Orleans Levee Board took actions indicating that Mr. Legaux’s case against the Orleans Levee Board had been reinstated. The following time line demonstrates how the actions of both the Orleans Levee Board and the trial court lead the plaintiff to believe that his case had been reinstated:
January 13, 1997- — Mr. Legaux filed a motion for reinstatement of his case against the Orleans Levee Board in the trial court, as well as a motion for devolu-tive appeal of the October 2, 1996, judgment dismissing his case without prejudice in this court
13January 15, 1997 - The trial court made the following notation on the motion for reinstatement: “To be set after devolu-tive appeal is heard by 4 th Cir. as per appeal this day.”
March 8, 1997 - Mr. Legaux dismissed devolutive appeal.
July 2,1998 - Mr. Legaux filed a motion for status conference, as well as a second motion to reinstate and to open discovery.
*24 July 6, 1998 - Trial court ordered the Orleans Levee Board to show cause at a September 11, 1998 meeting why the motion to reinstate and reopen discovery should not be granted.
July 20, 1998 — Trial court signed a pretrial order, setting a status conference for September 4,1999.
August 22, 1998 - Orleans Levee Board filed a pre-trial document, attaching both an “Amended Witness List” and a “Second Amended Witness List,” but making no objection to the reinstatement of the suit.
September 11, 1998 — Mr. Legaux’s attorneys meet with the trial judge, at which time the following colloquy took place:
MR. CHESTNUT (Mr. Legaux’s attorney):
Your Honor, what we’re doing is rather proforma, just asking for discovery cut off dates. If I may briefly make an argument.
THE COURT:
Your asking for a discovery cut off date?
MR. CHESTNUT:
Right.
THE COURT:
Why are we doing it by motion instead of a Status Conference?
MR. CHESTNUT:
Well, we filed a status conference that set the pre-trial conference last Friday, September 4 th. Mr. Broussard was in Court and we discussed trial dates. He requested a trial date in February of ’99 and we did object to that. At that point he did not object to the case being reinstated or to the trial date. What we’re asking is that a new trial — that the case be reinstated and a status of some forward progress setting 60 days for discovery cut off for plaintiff, 60 days for discovery cut off for defendant, with final cut offs for submission of evidence lists and witness lists. That’s all we’re asking for, Your Honor.
|4May I point out that there’s been no formal motion of opposition filed in this record, and that in conversations with co-counsel and with Mr. Broussard, he has not formally voiced any objection to discovery being reopened.
THE COURT:
Let me see the record, please.
MR. CHESTNUT:
It was dismissed without prejudice 9/25/96 due to some technicality, Your Honor.
THE COURT:
My law clerk tells me that the dates are already assigned I just haven’t signed the trial order yet.
MR. CHESTNUT:
Oh, we were not aware of that, Your Honor. So this whole meeting is moot.
THE COURT:
Yes.
Although the Orleans Levee Board had been ordered to appear on September 11, 1998 to show cause why the case should not be reinstated, it apparently did not appear on that day; the cover of the transcript quoted above indicates that only Mr. Legaux’s attorneys were present on September 11,1998.
October 1, 1998 - Trial court signed both a “Case Management Order,” setting discovery deadlines and setting the trial court February 8, 1999, and a “Trial Order.”
December 8, 1998 - Orleans Levee Board filed a “Witness List” and an “Exhibit List.”
February 11, 1999 - Orleans Levee District filed a motion to dismiss the case without prejudice.
March 26, 1999 — Trial judge found that the case had never been reinstated, and granted a motion to dismiss with prejudice filed by the Orleans Levee Board.
Under the circumstances outlined above, I would find that the Orleans Levee Board is estopped from seeking dismissal of the *25 case at the eleventh hour, after having lead Mr. Legaux to believe that it had no objection to the setting of the case for trial. Thus, I would reverse the trial court judgment dismissing Mr. Legaux’s suit against the Orleans Levee Board with prejudice, and remand the case for trial.