PAUL A. BONIN, Judge.
| j Four plaintiffs, Nathaniel Joseph, Re-cia Joseph, Frank Mitchell, and Lucinda Mitchell, sued Gerald Wasserman. By-judgment rendered on May 5, 2006, the trial judge dismissed their suit with prejudice; the basis for the dismissal is here unimportant. Notice of judgment was mailed on February 8, 2007, and the plaintiffs then timely filed a motion and order for a devolutive appeal. But, for reasons not apparent in the record, the then-trial judge did not sign the order of appeal.
Then, in 2015, when the plaintiffs filed a motion in the trial court requesting the successor trial judge to sign the order, the newly assigned judge not only did not sign the order of appeal but, on her own motion, dismissed the case as abandoned under Article 561 A(l) of the Louisiana Code of Civil Procedure because she found that more than three years had passed without a step in the prosecution of the case. This is the judgment which is now appealed.
We have reviewed this judgment de novo and conclude that the trial judge’s ruling was legally incorrect in dismissing the case as abandoned. Subsection A(l) Lof Article 561, and the three-year abandonment period, does not apply to a case, as here, in which a judgment adjudicating all of the claims and the rights and liabilities of all of the parties has been rendered. Instead, we find that because the plaintiffs timely filed their motion and order for devolutive appeal, Subsection C of Article 561, treating abandonment of appeals, controls the disposition of this matter. And because Subsection C incorporates by reference Rule 2-8.6 of the Uniform Rules-Courts of Appeal, which does not contemplate or provide for abandonment of an appeal until after the record has been lodged in the court of appeal, which never occurred in this case, the case has not been abandoned.
Accordingly, we vacate the judgment decreeing abandonment and remand the matter to the trial court. The trial judge is instructed on remand to sign the timely-filed order of appeal so that the appellate processes may commence. We explain our decision in more detail below.
I
In order to understand why the second judgment, the one dismissing the matter as abandoned, is incorrect as a matter of law, we must begin by examining the first judgment, the one which dismissed the lawsuit with prejudice. That judgment was a final judgment which adjudicated all claims against all parties. See La. C.C.P. arts. 1841 (“A judgment that determines the merits in whole or in part is a final judgment.”). Cf. La. C.C.P. art. 1915 A (appealable partial final judgments). Under such a circumstance, the part of the abandonment statute upon which the trial judge relied for her sua sponte action is wholly inapplicable.
IsThe provisions of Article 561 A(l)[1] only apply to civil actions which are pend *723 ing trial. La. C.C.P. art. 561 A(l) (providing, “an action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for ■ a period of three years ... ”). - To better understand this important provision, it is |4helpful to resort to a source of our current - abandonment ' article. An 1898 amendment to former Article 3519 of the Louisiana Civil Code provided that “[whenever the plaintiff having made his demand shall at any time before obtaining ' final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned .same.” (emphasis added).
The Supreme Court in considering an earlier iteration of our current abandonment article explained that the abandonment article “was never intended to apply to a case where a suit was prosecuted to final judgment.” Wilson v. King, 233 La. 382, 387, 96 So.2d 641, 642 (1957). A step in the prosecution or defense of an action within the meaning of Article 561 is a. move or action before the trial court intended to hasten the matter to judgment. See Jones v. Phelps, 95-0607, p. 4 (La.App. 1 Cir. 11/9/95), 665 So.2d 30, 33. And “[t]he .policy underlying this requirement [the three-year abandonment period] is the prevention of protracted litigation that is filed' for purposes of harassment or without a serious intent to hasten the claim to judgment." Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983), quoting Melancon v. Continental Casualty Company, 307 So.2d 308, 312 (La.1975). Thus, the principle of abandonment no longer applies once an action, as here, has been reduced to a judgment. See LeGeaux v. Orleans Levee Board, 99-2453, p. 5 (La.App. 4 Cir. 5/17/00), 769 So.2d 19, 22 (“Plaintiffs claim that the suit has not been abandoned un *724 der La. C.C.P. art. 561 has no bearing because once an action is prosecuted to rendition of judgment, the principle of ^abandonment no longer applies.”); Becnel v. Charlet, 446 So.2d 466, 469 (La.App. 4th Cir.1984); Rodgers v. Rodgers, 34,188, 34,189, pp. 2-3 (La.App. 2 Cir. 9/27/00), 768 So.2d 695, 697; Richey v. Fetty, 96-2762, p. 7 (La.App. 1 Cir. 4/8/98), 715 So.2d 1, 5.
To underscore that the three-year abandonment period provided by Article 561 A(l) cannot be applied here where the civil action has been reduced to a final judgment, we point out that this provision is inapplicable even where no judgment has been rendered and the matter was only submitted for rendition of judgment. See Lopez v. Southern Natural Gas Co., 287 So.2d 211, 212 (La.App. 4th Cir.1973). There, the plaintiffs prosecuted their action “up to the point "at which the court was placed in a position to render judgment.” Id. We importantly concluded that, despite the passage of more than five years, the delay was “not chargeable” to the plaintiffs. Id. at 213. See also Bryant v. Travelers Insurance Co., 288 So.2d 606, 609 (La.1974) (“Inasmuch as this case was submitted‘and taken under advisement by the trial judge in September 1965, delays thereafter are not chargeable to any failure on the part of plaintiffs to take a step in the prosecution of their lawsuit.”); Succession of Moody, 306 So.2d 869, 873 (La. App. 1st Cir.1974) (“Where a case has been submitted to the court for decision, Article 561-of the Code of Civil Procedure is inapplicable to either party to the action, because the delay is attributable to the court rather than the parties.”). These decisions have their own genesis in a hundred-year-old statement by the Supreme Court in Barton v. Burbank, to which we will turn in the next Part. 138 La. 997, 71 So. 134 (1916).
| cClearly, then, because a final judgment had been rendered in this case, Article 561 A(l) is-inapplicable and the trial judge’s reliance upon its provisions was an incorrect application of the law. Thus, the judgment cannot be affirmed, on the legal basis upon which it was expressly rendered.
II
We turn now to consider whether there is some other legal basis upon which the (second) judgment decreeing abandonment can be upheld. In this Part, we begin by closely examining the plaintiffs’ actions after the first judgment was rendered.
There is no question that following the judgment of dismissal in the’ trial court the plaintiffs filed a motion and order for devolutive appeal within the delays allowed by law. See La. C.C.P. art. 2087 A.[2] Their incorrectly captioned “Notice of Appeal” [3] clearly' identifies the judgment by which they were aggrieved and they *725 “move[d]” for an appeal; along with their motion, they filed a proposed order granting the appeal for the trial judge’s signature. See La. C.C.P. art. 2121. Cf. Bremermann v. Bremermann, 05-0547, p. 2 (La.App. 4 Cir. 1/11/06), 923 So.2d 187, 188 (appeal dismissed because pleading did not contain an order or prayer for [ 7an appeal); 2400 Canal, L.L.C. v. Board of Sup’rs of Louisiana State University, unpub., 14-0303, p. 2 (La.App. 4 Cir. 10/8/14), 2014 WL 5034613 (appeal dismissed for failure to satisfy requirements of Article 2121 where only pleading notified counsel and the trial court of “its intent and wish to appeal” but without prayer or order for appeal). The plaintiffs here surely and sufficiently manifésted their intention to seek appellate review of the judgment dismissing their case. See Lifecare Hospitals, Inc. v. B & W Quality Growers, Inc., 39,065, p. 2 (La.App. 2 Cir. 7/8/04), 875 So.2d 135, 137.
It is true that here the order of appeal was not signed within the delays allowed by Article 2087. In fact, the order of appeal has never been signed. Relying' upon Article 2161 of the Louisiana Code of Civil Procedure,[4] we previously held that the failure of the appealing party to timely obtain the trial judge’s signature on the order of appeal was not an error or defect imputable to the appellant. See Scales v. State of Louisiana, 391 So.2d 871, 872 (La.App. 4th Cir.1980). This holding and the very point were affirmed by the Supreme Court. See Traigle v. Gulf Coast Aluminum Corp., 399 So.2d 183, 186 (La.1981). In Traigle the Supreme Court explained that “fwjhen an appellant timely files an order of appeal with the clerk of court, he has delivered it to a public official who has a |sduty to obtain the judge’s signature thereon or sign it himself.”[5] Id. And thus the Supreme Court there decided, as we did in - Scales, that “[w]hen a timely filed order of appeal is not signed during the delay period, this -is not. a fault or defect imputable the appellant.”[6] Traigle, 399 So.2d at 186.
All of which returns us to the hundred-year-old statement by the Supreme Court in Barton v. Burbank, informing us about the failure of the trial judge to sign the order of appeal. In Barton v. Burbank, the trial judge had failed to render judgment. But the principle is equally applicable when, as here, the trial judge, having rendered judgment, nonetheless for whatever reason fails to sign the order of appeal. Speaking of the parties, the Court there stated that “we are of the opinion that, having submitted their case to the judge, they should not be held responsible for his delay in the discharge of his duty ...” 138 La. at 1000, 71 So. at 135 (all emphasis added).
*726 ' We conclude that the failure of the trial judge (past or present) to yet sign the order of appeal is not imputable to the plaintiffs and the delay occasioned by the trial judge’s discharge of his duty cannot result in the abandonment of plaintiffs action or appeal.
Ill
We now turn briefly to consider two other provisions of law by which an appeal may be deemed abandoned. But, as a practical effect of the failure of the | atrial judge to sign the order of appeal, we find that neither provision can be applied in this circumstance.
The first provision is Article 2126 of the Louisiana Code of Civil Procedure, treating of the assessment and payment of costs.[7] The second is Article 2165 of the | tflLouisiana Code of Civil Procedure, which provides that “[a]n appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.” A provision identical to Article 2165 is found at Article 561 C.[8] A similar provision is found at Article 2162 of the Louisiana Code of Civil Procedure which provides that “[a]n appeal can be dismissed at any time ... if, under the rules of the appellate court, the appeal has been abandoned.”
Article 2126 generally provides that the appellant pay the cost of the appeal, including the court reporter’s transcription fee and the appellate court’s filing fee, as well as the time by which such cost must be paid. La. C.C.P. art. 2126 A-D. The *727 article also provides options, pertinent to our discussion, for the trial court in the event that the cost is not paid to “[e]nter a formal order of dismissal on the grounds of abandonment ” or “[g]rant a ten day-period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.” La. C.C.P. art. 2126 E(l) (emphases added). But see Pray v. First Nat’l Bank of Jefferson Parish, 93-3027, p. 1 (La.2/11/94), 634 So.2d 1163 (per curiam) (focus of trial court should be on securing payment of cost of appeal “in order to move appeals forward rather than on dismissing appeals, although obviously not abandoned, simply because motion was filed ... ”). But importantly for our purposes, the schema for an appellant’s payment of the cost of appeal is only triggered by the granting or signing of the order of appeal. See La. C.C.P. art. 2126 A (providing in |npart, “[t]he clerk of court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal”). And, because the trial judge has never signed the order of appeal, these plaintiffs were never given notice of the estimated, cost of appeal. Therefore, Article 2126 cannot, be uséd under these circumstances to dismiss the plaintiffs’ appeal.of the first judgment as abandoned.
The remaining procedural articles pertaining to dismissal of an appeal all incorporate by reference the rules of the appellate court in order to ascertain the period for abandonment of an appeal. . See La. C.C.P. arts. 561 C, 2162, 2165. Rule 2-12.7, Uniform Rules-Courts of Appeal; requires the appellant’s brief to be filed within 25 days of the filing of the record in the court-of appeal, that is the lodging of the appeal unless the time is extended under Rule 2-12.8.[9] If the appellant’s brief is not filed within the time prescribed by Rule 2-12.7, or as extended by Rule 2-12.8, then Rule 2-8.6 directs that the court transmit notice to the appellant that the appeal will be dismissed unless a brief is filed within thirty days of the notice. If, however, that time too expires without the filing of the 112appellant’s brief, “the appeal shall be dismissed as abandoned.”[10] But, here again, because the order of devolutive appeal was never signed and cost of appeal *728 was neither estimated nor paid, the plaintiffs’ appeal of the first judgment was never lodged here. Thus, the rules of the courts' of appeal,’ as incorporated in the procedural article, provide no legal basis for the dismissal of the first judgment’s appeal as abandoned.
IV
By way of conclusion, we cannot find any legal basis for the trial judge dismissing these proceedings as abandoned.[11] And thus necessarily conclude on our de novo review that the signing of the order of abandonment is legal error. Accordingly, we vacate the order of abandpnment signed on July 22, 2015, and remand this matter to the trial court.
hsAnd because appeals are favored in ’the law, see, e.g., Castillo v. Russell, 05-2110 (La.2/10/06), 920 So.2d 863 (per curiam), Shields Mott Lund, L.L.P. v. P.R. Contractors, Inc., 12-1327, p. 5 (La.App. 4 Cir. 3/27/13), 122 So.3d 554, 558 (on rehearing), we instruct the trial judge on remand to sign an order, granting a devol-utive appeal, so that the appellate processes may commence without further delay.
DECREE
There is judgment herein in favor of plaintiff-appellants, Nathaniel Joseph, Ke-cia Joseph, Frank Mitchell, and Lucinda Mitchell, and against the defendant-appel-lee, Gerald Wasserman, vacating the order of July 22, 2015, which order dismissed these proceedings as abandoned. The matter is remanded to the trial court with instructions.
VACATED AND REMANDED;

. Article 561 (Abandonment in trial and appellate court) in its entirety reads:
A.(l) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial couiffor a period of three years, unless it is a succession proceeding:
ía) Which has been opened;
(b) In which an administrator or executor has been appointed; or
(c) In which a testament has been probated.
(2) If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or *723 defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subpara-graph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding:
(a) Which has been opened;
(b) In which an administrator, or executor has been appointed; or
(c) In which a testament has been probated.
(3)This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article [1]1913(D).
(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff’s service of the order of dismissal. An appeal of an order of denial may be taken only within- sixty days of the date of the clerk’s mailing of the order of denial.
(6) The provisions of Subparagraph (2) of this Paragraph shall become null and void on August 26, 2010.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.

. Had the motion for appeal been, untimely, then the judgment would have become final. See Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191, 192 (La.1991) (per cu-riam).

. We, of course, look to the substance of a , pleading rather than its caption to determine the pleading’s intent, especially when, as here, the plaintiffs were not represented by counsel. “Louisiana law expressly provides that '[n]o technical forms, of pleading are required,’ and that '[e]very pleading shall be so construed as to do substantial justice.’ La. C.C.P. arts. 854, 865. "Accordingly, it is the substance rather than the caption of a pleading that determines its effect.” Brown v. Harrel, 98-2931, p. 4 (La.App. 4 Cir. 8/23/00), 774 So.2d 225, 228.
See also, e.g., Greenwood Community Center v. Calep, 48,737, p. 6 (La.App. 2 Cir. 1/15/14), 132 So.3d 470, 474; Duncan v. Bartholomew, 11-0855, p. 4 (La.App. 4 Cir. 3/14/12), 88 So.3d 698, 704, n. 1.

.Article 2161 reads:
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial ‘ or for 'correction of the record. An appeal shall not be- dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to'dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later, (emphasis added)

. In this case, because it is a lawsuit filed in Orleans Parish, the Clerk of Court is not authorized to sign the order of appeal. See La. C.C.P. art. 28!.'

. ‘ The Traigle court limited its holding to de-volutive appeals. See Traigle, 399 So.2d at 186, n. 18. But see also Winterrowd v. Travelers Indem. Co., 440 So.2d 822, 824 (La.App. 2nd Cir.1983) (extending Traigle to a suspen-sive1 appeal situation).

. Article 2126 Payment of costs) reads:
A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.
B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.
C. The appellant may question the ex-cessiveness of the estimated costs by filing a written application for reduction in the trial court within the first twenty-day time limit, and the trial court may order reduction of the estimate upon proper showing. If an application for reduction has been timely filed, the appellant shall have twenty days to pay the costs beginning from the date of the action by the trial court on application for reduction.
D. After the preparation of the record on appeal has been completed, the clerk of the trial court shall, as the situation may require, either refund to the appellant the difference between the estimated costs and the actual costs if the estimated costs exceed the actual costs, or send a notice by certified mail to the appellant of the amount of additional costs due, if the actual costs exceed the estimated costs. If the payment of additional costs is required, the appellant shall pay the amount of additional costs within twenty days of the mailing of the notice.
E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
(1) Enter a formal order of dismissal on the grounds of abandonment; or
(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
F. If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal, (emphasis added).

. Seen. 1, ante.

. Rule 2-12.7 reads:
The brief of the appellant shall be filed not later than 25 calendar days after the filing of the record in the court, and the brief of the appellee shall be filed not later than 45 calendar days after the filing of the record in the court. The reply brief, if any, of the appellant shall be filed not later than 10 calendar days after the appellee’s brief is filed.
Unless otherwise directed by the court in the notice of lodging, in the case of a timely order of appeal being obtained by a litigant subsequent to an earlier order of appeal obtained by a different litigant, the brief on behalf of the litigant whose order of appeal bears the earlier date shall be due in point of time under the provisions of the appropriate rule-regarding the appellant. The brief on behalf of the litigant whose order of appeal bears the later date shall be due in point of time under the provisions of the appropriate rule regarding the appellee, (emphasis added).

. Rule 2-8.6 reads:
For civil appeals, if an appellant does not file a brief within the time prescribed by Rule 2-12.7 or any extension thereof granted by the court as provided by Rule 2-12.8, a notice shall be transmitted by the clerk to counsel for the appellant, or to the appellant if not represented, that the appeal shall be dismissed 30 days thereafter unless a brief is filed in the meantime. If an appellant does not file a brief within 30 days after such notice is transmitted, the appeal shall be dismissed as abandoned. Provided, however, that irrespective of the time limit provided in Rule 2-12.7 for the appel-lee to file a brief, the appellee’s brief shall be filed within 20 days from the due date shown on the notice of abandonment.

. We have not reached the issue that the trial judge acted, as her order stated, “ex proprio motu," but we have grave doubts about the propriety of a trial judge dismissing any matter on her own motion after, as she described it, a "thorough search of the record.” See La. C.C.P. art. 561 A(3) (“on ex . parte motion of any party or other interested person by. affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment”) (emphasis added). See also La. C.C.P. art. 561 B ("Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.”) (emphasis added).