| STATE OF LOUISIANA | * | NO. 2024-K-0378 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| JOSHUA CHANEY | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 535-608, SECTION "F"
Honorable Robin D. Pittman, Judge
\* \* \* \* \* \*
**Judge Dale N. Atkins**
\* \* \* \* \* \*
(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Dale N. Atkins)

**DYSART, J., CONCURS IN THE RESULT**

Joshua Chaney, *Pro Se*
DIXON CORRECTIONAL INSTITUTE
P.O. Box 778/U-1; D-A
Jackson, LA 70748


     PRO SE APPLICANT/DEFENDANT


Jason R. Williams, District Attorney
ORLEANS PARISH DISTRICT ATTORNEY
619 South White Street
New Orleans, LA 70119


     COUNSEL FOR RESPONDENT, State of Louisiana

         **WRIT GRANTED; RELIEF DENIED**
         **JULY 17, 2024**

DNA

PAB

Relator, Joshua Chaney, seeks review of the district court's May 29, 2024 written judgment, which denied his "Motion to Correct an Illegal Sentence" ("Motion"). For the reasons that follow, we grant Relator's writ application, but we deny relief.

**RELEVANT FACTS AND PROCURAL HISTORY**

In June 2017, the State of Louisiana ("State") charged Relator by bill of information with aggravated battery, in violation of La. R.S. 14:34; possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1; and violation of protective orders, in violation of La. R.S. 14:79.

On July 18, 2018, Relator pled guilty as charged to all counts and waived all delays. As to Count One, aggravated battery, the district court sentenced Relator to ten years in the Department of Corrections ("DOC") at hard labor with credit for time served. This sentence was to run concurrent with any other sentence being served by Relator. As to Count Two, possession of a firearm by a convicted felon, the district court sentenced Relator to ten years in the DOC at hard labor without the benefit of probation, parole, or suspension of sentence. Relator received credit for time served, and the district court ordered this sentence to run concurrent with any other sentence being served by Relator. As to Count Three, violation of

1

protective orders, the district court sentenced Relator to six months at Orleans Parish Prison ("OPP") with credit for time served. Again, the district court ordered this sentence to run concurrent with any other sentence being served by Relator. Additionally, Counts One through Three were to run concurrent with each other. Relator's plea was pursuant to a plea agreement he entered into with the State, in which the State agreed not to file a multiple offender bill in this matter. *See* La. R.S. 15:529.1.

Thereafter, on May 13, 2024, Relator filed his Motion with the district court, wherein he argued that the district court imposed an illegal sentence because the State failed to give notice of its intent to use the firearm enhancement provision pursuant to La. C.Cr.P. art. 893.3. Relator further argued double jeopardy, asserting that he was convicted twice for one offense of possessing a firearm. As stated previously, the district court denied Relator's Motion. Relator noticed his intent to seek supervisory review on June 21, 2024, and timely filed the instant writ application on June 26, 2024.

## DISCUSSION

Relator's pleading filed in the district court is captioned "Motion to Correct an Illegal Sentence." However, in his Motion and in his brief to this Court, Relator asserts the following as error:

> 1. The trial court imposed an illegal sentence where the State failed to file a motion to give notice of its intent to use the firearm enhancement provision, and

> 2. Movant [was] subjected to double jeopardy by being convicted twice for one offense of possessing a firearm.

A review of the record reveals the sentences imposed on Relator fall within the parameters of the sentencing statutes for the offenses to which Relator pled guilty.

2

As to Count One, Relator pled guilty as charged to aggravated battery, in violation of La. R.S. 14:34, which reads in pertinent part:

> B. Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both. At least one year of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence if the offender knew or should have known that the victim is an active member of the United States Armed Forces or is a disabled veteran and the aggravated battery was committed because of that status.

In accordance with La. R.S. 14:34, the district court sentenced Relator to ten years in the DOC at hard labor with credit for time served. This sentence was to run concurrent with any other sentence being served by Relator.

As to Count Two, Relator pled guilty as charged to possession of a firearm or carrying a concealed weapon by a person convicted of certain felonies, in violation of La. R.S. 14:95.1, which reads in pertinent part:

> B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than five nor more than twenty years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars. Notwithstanding the provisions of [La.] R.S. 14:27, whoever is found guilty of attempting to violate the provisions of this Section shall be imprisoned at hard labor for not more than seven and one-half years and fined not less than five hundred dollars nor more than two thousand five hundred dollars.

In accordance with La. R.S. 14:95.1, the district court sentenced Relator to ten years in the DOC at hard labor without the benefit of probation, parole, or suspension of sentence. Relator received credit for time served and this sentence was to run concurrent with any other sentence being served by Relator.

As to Count Three, Relator pled guilty as charged of violation of protective orders, in violation of La. R.S. 14:79, which reads in pertinent part:

> B. (1) On a first conviction for violation of protective orders, except as provided in Subsection C of this Section, the offender shall

3

be fined not more than five hundred dollars or imprisoned for not more than six months, or both.

In accordance with La. R.S. 14:79, the district court sentenced Relator to six months in OPP and ordered this sentence to run concurrent with any other sentence being served by Relator. For the reasons stated above, Relator's sentence is a legal sentence.

Although Relator's pleading filed in the district court is captioned as "Motion to Correct an Illegal Sentence," as discussed above, the sentences imposed by the district court fall within the parameters of the sentencing statutes. Moreover, the assertions in Relator's Motion do not equate to a motion to correct an illegal sentence. Rather, Relator asserts in his Motion and in his writ application to this Court that the State did not provide notice that it would enhance his sentence based on use of a firearm during the commission of the offenses and that his conviction violates double jeopardy principles. Louisiana Code of Civil Procedure Article 865 provides that "[e]very pleading shall be so construed as to do substantial justice." Accordingly, appellate courts are "tasked with looking 'to the substance of a pleading rather than its caption to determine the pleading's intent.'" *Pocket Billiards and Bar, LLC v. Fast & Affordable Coll. Student Movers, Inc.*, 2022-0109, p. 3 (La. App. 4 Cir. 8/10/22), 346 So.3d 399, 401 (quoting *Joseph v. Wasserman*, 2015-1193, p. 7 n.3 (La. App. 4 Cir. 5/4/16), 194 So.3d 720, 725). This is because "it is the substance rather than the caption of a pleading that determines its effect." *Id.* (quoting *Brown v. Harrel*, 1998-2931, p. 4 (La. App. 4 Cir. 8/23/00), 774 So.2d 225, 228). Our review of the substance of Relator's Motion reveals it to be an application for post-conviction relief.

Unlike a motion to correct an illegal sentence, however, an application for post-conviction relief is subject to timeliness requirements.[1] As previously stated, Relator pled guilty as charged to all charges on July 18, 2018. Then, on May 13, 2024, Relator filed his Motion which we have determined to be an application for post-conviction relief ("Application"). At the time, Relator filed his Application, La. C.Cr.P. art. 930.8 provided in pertinent part:

> A. No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922 .
> . . .

Additionally, in *State ex rel. Glover v. State*, the Louisiana Supreme Court concluded that an appellate court is not precluded from "raising [La. C.Cr.P. art.] 930.8's time bar" *sua sponte* even when the district court has not done so. 1993-2330, 1994-2101, 2197, pp. 21-22, 660 So.2d 1189, 1201-02 (La. 9/5/95). In light of the foregoing, we find that Relator's claims in his Application are barred from consideration pursuant to La. C.Cr.P. art. 930.8(A) and *Glover*. Further, our review shows that none of Relator's claims fall within any of the exceptions set out in La. C.Cr.P. art. 930.8(A).

## CONCLUSION

For the reasons stated above, we grant Relator's writ, but we deny relief.

**WRIT GRANTED; RELIEF DENIED**

---

[1] A motion to correct an illegal sentence may be filed at any time per La. C.Cr.P. art. 882(A), and it is exempt from the timeliness provisions of La. C.Cr.P. art. 930.8.